THE FIRST NATIONAL BANK OF MARIETTA, Respondent.
*v.* BUSHWICK CHEMICAL WORKS *et al.*, Appellants.

*Supreme Court, First Department, General Term, July 9, 1889.*

1. *Attachment. When issued.*—An attachment may be issued at any time before the entry of final judgment in the action.
2. *Same. Affidavit.*—An affidavit made by the plaintiff's attorney with the usual statement as to the indebtedness, is sufficient, where default has been made, and the note sued upon is in his possession.
3. *Same. Vacating.*—Though an attachment should not recite the true grounds shown by the affidavits, an irregularity in this respect is waived by omitting to refer to it in the notice of motion to vacate.
4. *Same. Grounds of.*—The property of a judgment debtor may be fraudulently transferred, or disposed of, through the instrumentality of a judgment, as effectually as by an instrument executed by the debtor for the purpose of directly attaining that end.

Appeal from an order denying a motion to vacate an attachment.

*Edward B. Whitney*, for appellants.

*C. Bainbridge Smith*, for respondent.

DANIELS, J.—The action was commenced in May, 1888, to recover the amount of a promissory note made by the Bushwick Chemical Works, for the payment of the sum of $7,-326.91 in four months after the first of July, 1886. The note was endorsed and transferred to the plaintiff, and on or about the 24th of January, 1889, the plaintiff applied for and obtained an attachment in this action against the Bushwick Chemical Works, on the ground that it had disposed of its property with intent to defraud its creditors. To sustain this allegation, it was made to appear that the Buffalo Chemical Works had brought an action and recov-

ered a judgment against the Bushwick Chemical Works for the sum of about $95,000, stated to be unpaid upon nineteen promissory notes made by the Bushwick Chemical Works. These notes were shown, in support of the application, to have been made for the use and accommodation of the Buffalo Chemical Works, the corporation which recovered the judgment upon them. That appeared by an agreement to which the company was a party and in which the notes were stated to be the indebtedness of the Buffalo Chemical Works, and as such, the judgment recovered by that company against the Bushwick Chemical Works, upon the notes, was fraudulent as to the rights and interests of other creditors. And through the instrumentality of such a judgment, the property of the debtor may be fraudulently transferred, or disposed of, as effectually as by an instrument executed by the company for the purpose of directly attaining that end. Decker *v.* Decker, 108 N. Y. 128; 13 N. Y. State Rep. 131.

It was at least an attempt, or an act, by which the property of the defendant in the action might be fraudulently disposed of; and it has been made a ground for an attachment against the property of a domestic corporation, as the Bushwick Chemical Works is shown to have been, that it either has, or is about to dispose of, or assign, or secrete its property with intent to defraud its creditors. Code Civil Pro., § 636, subd. 2.

It has, however, been objected that this attachment was defective in not reciting the true grounds upon which it was issued, as that has been directed by section 641 of this Code. And in this recital, the attachment is undoubtedly irregular, for it has recited the fact to be, that the Bushwick Chemical Works had disposed of its property with intent to defraud its creditors, instead of reciting as the fact was, that it was about to dispose of its property by means of this fraudulent judgment, to defraud its creditors. But in the notice of motion to vacate the attachment, no refer-

ence was made to this irregularity, as that has been required by rule 37 of the general rules of practice, to entitle a party to take advantage of it.

The affidavit was made by the attorney, upon which the attachment was issued, and the further objection has been urged, in support of the appeal from the order denying the motion to vacate the attachment, that this affidavit failed to establish the indebtedness as that has been required to justify the issuing of an attachment. But the note itself, upon which the action has been brought, was in the possession of the attorney, and, at the time when the application was made for the attachment, the defendants who were sued in the action, including the Bushwick Chemical Works, had made default; and the plaintiff had become entitled to enter judgment for the full amount for which the note had been given.

This was a practical concession on the part of the maker of the note, that it was a legal obligation against it for the payment of the debt mentioned in the note, and that no part of that debt had been extinguished or satisfied, either by payment or otherwise. In addition to this circumstance, it further appeared that a receiver had been appointed of the property and effects of the individuals, as partners, who were the owners of the greater part of the stock of each of the corporations, whose conduct was depended upon as establishing the fact that a fraudulent disposition of the property of the Bushwick Chemical Works was designed or intended.

In that action a reference had been ordered, to ascertain the creditors of the partners, who appear to have indorsed this note, and the referee reported an indebtedness upon the note, against them, amounting to the sum mentioned in it. This fact, together with the other statements in the affidavit, abundantly sustained the liability of the Bushwick Chemical Works for the payment of the amount mentioned in the note, and they justified the statement made

by the attorney in the action that the amount was due to the plaintiff, with interest from the time of the maturity of the note, over and above all counterclaims, discounts and set-offs known to the plaintiff, That it was so due, over and above counterclaims, was reasonably and fairly supported by the facts which were within the knowledge of the attorney who made the affidavit, and it accordingly complied in each of these respects with what the Code has directed shall be established to entitle the plaintiff to an attachment.

The cases which have been relied upon to support the appeal are distinguishable in their statements from this affidavit, and where they have been held to be insufficient it was because of the absence of facts within the knowledge of the attorney or agent reasonably justifying the inference upon which the success of the application for the attachment depended.

That the plaintiff was entitled to a judgment upon the note at the time when the attachment was issued, furnished no ground for setting it aside, for, by section 638 of the Code of Civil Procedure, the attachment may be issued at any time before final judgment in the action. No such judgment had been entered when the attachment was issued and served. It appears to have been regularly issued, with the exception of the incorrect recital already referred to. But as that was not specified as a ground for the motion in the notice which was served, the defendant can derive no advantages from its existence, by way of supporting either the application itself, or the appeal from the order.

The order should be affirmed, together with ten dollars costs and also the disbursements.

VAN BRUNT, Ch. J., and BRADY, J., concur.