## ROTHSCHILD *et al. v.* MOONEY.

*(Supreme Court, General Term, First Department. January 16, 1891.)*

1. AFFIDAVIT IN ATTACHMENT—AMENDMENT.
   Where a warrant of attachment recites as a ground therefor "that the defendant has disposed, or is about to dispose, of property," etc., the use of the disjunctive "or," instead of the conjunction "and," is a mere irregularity; and, if the affidavits would support the substitution of the word "and," it may be amended to that effect.

2. SAME—SUFFICIENCY.
   Affidavits on which a warrant of attachment was granted showed that defendant, after repeated demands for payment, refused to pay; and that she refused information as to her assets; and that, although she stated that no sales were made to certain relatives, persons in her employ were seen taking goods in a suspicious manner from her store, and leaving them with such relatives. *Held* that, in the absence of any answer or explanation, the warrant should not be set aside on motion made on the papers.

Appeal from special term, New York county.

Action by Ludwig Rothschild and others against Henrietta R. Mooney. A warrant of attachment was granted in this action, and defendant appeals from an order denying her motion to vacate the same, made on the attachment papers. The following opinion was rendered on the denial of the motion by O'BRIEN, J.: "Upon this motion to vacate the warrant of attachment, two grounds are relied upon—*First.* The alleged irregularity of the warrant of attachment. The warrant recites as a ground for attachment that the defendant has disposed, or is about to dispose, of property, etc. Upon the affidavits, if the conjunction 'and' were used, instead of the disjunctive 'or,' the warrant would properly recite the true grounds of the attachment. The affidavits tend to show that the defendant has disposed of her property, and one portion of the recital in the warrant therefore truly states the ground. This, however, is but a mere irregularity, which can be cured, and is not fatal to the attachment. The *second* ground relied upon is that the affidavits used in support of the attachment are insufficient. In determining this question, the defendant having moved upon the papers alone upon which the warrant was granted, the statements in the affidavits are, for the purposes of the motion, to be taken as true, and if they establish a *prima facie* case, sufficient to support the warrant, in the absence of any satisfactory answer or explanation, it should not be set aside. Here the facts show that, after repeated demands for the payment of the claim, the defendant, while admitting her ability, refused to pay. She, also, through her agents, admitted the embarrassment of the firm, and, upon being asked for particulars as to the business, refused all information as to stock on hand, and generally as to the assets of the business. The facts, however, which have the most direct bearing upon the right of the plaintiffs to this attachment result from the statements in the affidavits that, although the defendant stated that no sales were made to D. Mooney and A. Wuldman, the former the brother-in-law of the defendant, and the latter the

brother-in-law of her husband, both of whom were engaged in the same line of business, yet it is made to appear that persons in the employ of defendant were seen taking goods in a suspicious manner from the store of the defendant, and leaving them with the brothers-in-law above named. Upon the facts as presented, I am of the opinion, reached after some hesitation, that the plaintiffs make out a *prima facie* case, and the motion to vacate the attachment should be denied."

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Franklin Bein,* for appellants. *Horwitz & Hershfield,* (*W. F. Severance,* of counsel,) for respondents.

BRADY, J. An examination of this record leads, without hesitation, to the conclusion that the learned justice in the court below correctly disposed of the motion, and therefore the order is affirmed, with $10 costs and disbursements, upon his opinion. All concur.