JOHN L. DINTRUFF, Respondent, v. CLARENCE C. TUTHILL, as Surviving Partner of HENRY TUTHILL & SON and Others, Appellants.

*Attachment — the warrant must not recite the grounds thereof in the alternative — a debtor may prefer a creditor — Code of Civil Procedure, sec. 641.*

The ground of an attachment was stated in the warrant to be "that the defendant has removed, or is about to remove, property of the said firm (of which he was a member) from the State with intent to defraud the creditors of the said firm, or has assigned, disposed of or secreted, or is about to assign, dispose of or secrete, the property of said firm with like intent."

Upon a motion to vacate the attachment,

*Held*, that such statements in the alternative were insufficient, and were not a compliance with section 641 of the Code of Civil Procedure, enacting that the warrant "must briefly recite the ground of the attachment."

The affidavit upon which the attachment was granted stated, in substance, that the defendant had applied the firm property, consisting of certain barley, to pay particular creditors, the effect of which was to prefer their claims. There was no allegation that these claims were not just debts, although there was a statement that the transfer was made at less than the fair market-value of the property, but nothing was stated as to what the true price or value was.

*Held*, that the allegations of the affidavit were insufficient to confer jurisdiction to issue the attachment.

That the substance of them was that certain creditors had been preferred; that such a preference, except as that matter was limited by statute in the case of general assignments, was legal and could not be attached.

APPEAL by the defendant Clarence C. Tuthill, as sole surviving partner of the firm of Henry Tuthill & Son, and by Mathias H. Arnot, Marianna T. Ogden and Fanny A. Haven, not parties to the action, from an order of the Yates county judge, entered in the office of the clerk of Yates county on the 9th day of February, 1891, denying a motion to vacate an attachment theretofore granted in the above-entitled action.

By the affidavit of Mathias H. Arnot it appeared that Mathias H. Arnot, Marianna T. Ogden and Fanny A. Haven, partners under the firm name of the Chemung Canal Bank, acquired an interest in the property in question subsequent to the time (December 30, 1890) when the attachment was levied. They claimed under Emmett C. Dwelle who had sold to them the barley transferred to him by Clarence C. Tuthill, survivor, on December 27, 1890.

As persons having such an interest they obtained an order that the plaintiff should show cause why the attachment should not be vacated. The defendant Tuthill procured a similar order. Upon the return of those orders, the order appealed from was made.

*F. Colin*, for the appellants.

*J. F. Parkhurst*, for the respondent.

DWIGHT, P. J.:

The application was founded on the papers on which the warrant was granted, and an affidavit of the third persons named, showing their interest in the property attached, acquired subsequently to the levy of the attachment. The first-mentioned papers consisted of a verified complaint in the action, which was on a promissory note made to the plaintiff by the firm of Henry Tuthill & Son, of which the defendant was the sole surviving partner, and an affidavit of the plaintiff which, after setting out his cause of action, continued as follows:

" That the said defendant, Clarence C. Tuthill, as sole surviving partner of the firm of Henry Tuthill & Son, has removed, or is about to remove, the property of the said firm from the State with intent to defraud the creditors of said firm, or has assigned, disposed of or secreted, or is about to assign, dispose of or secrete

the property of the said firm with intent to defraud the creditors of said firm. That the sources of deponent's knowledge are conversations had with the said defendant, Clarence C. Tuthill, in which the said Clarence C. Tuthill told defendant that his firm was hopelessly and irretrievably insolvent, and had been for some time past, and that they had no idea of continuing the business. That the property of said copartnership consisted simply of about ten thousand dollars worth of barley and malt, and a team of horses worth about one thousand dollars, while the indebtedness of the said firm was some sixty-five thousand dollars. That on the 27th day of December, 1890, the said defendant, Clarence C. Tuthill, as aforesaid, had in contemplation the making of an assignment of the property of said firm, but that there was some question as to his being legally able to make such an assignment; that he had sold a certain quantity of malt and barley to one Emmett C. Dwelle in payment and satisfaction of a past due indebtedness of said firm, and that he had sold the balance of said malt and barley to one John T. Andrews 2d, in order to secure Augustus W. Franklin, his uncle, and a partner of said Andrews, for his liability by reason of indorsements for the firm of Henry Tuthill & Son. That such sale was made at less than the fair market-value of said property, without the payment of any *bona fide* consideration, and that such sales and transfers were made for the sole and only purpose of preferring the said Emmett C. Dwelle and Augustus W. Franklin, and in order that the other creditors of Henry Tuthill & Son should be prevented from collecting their debts and demands and left remediless."

The warrant of attachment contained, by way of recital, a statement that it appeared, by the affidavit of the plaintiff, "that the defendant has removed, or is about to remove property of the said firm from the State with intent to defraud the creditors of the said firm, or has assigned, disposed of or secreted, or is about to assign, dispose of or secrete the property of said firm with like intent." The warrant contains no other recital of the ground upon which it was issued.

The warrant was clearly defective in the respect last mentioned. The requirement of the Code is positive that the warrant "must briefly recite the ground of the attachment." (Code of Civ. Pro.,

§ 641.) This warrant recites several facts in the alternative, one or another of which is said to have appeared by the affidavit, but it specifies no one or more of them as having so appeared, or as being the ground upon which the attachment was issued. The statement clearly does not answer the requirement of the Code above cited. In *Arnot* v. *Wright* (55 Hun, 561), a similar statement in an affidavit, following the language of the statute in the disjunctive, was held to be ineffective. The court said " the statement in the affidavit was in the alternative, and hence alleged neither one fact nor the other." (Citing *Lee* v. *Heirberger*, 1 Code Rep., 38; *Collins* v. *Beebe*, 27 N. Y. State Rep., 4.) For this irregularity, which was particularly specified in their notice of motion, we suppose the moving parties, appellants here, were entitled to have the attachment vacated. (*First Nat. Bank* v. *Bushwick Ch. Works*, 25 N. Y. State Rep., 830.)

But there is a far more radical and meritorious ground for setting aside this attachment. It is found in the absence from the affidavit of facts necessary to give jurisdiction to the officer to issue the warrant. Of course, the mere allegation, in the language of the statute, of the conclusion of fact of which proof, to the satisfaction of the judge, is required to be made, is not, of itself, such proof; it is, at the best, mere allegation; and since in this affidavit it is made in the alternative, it does not amount even to an allegation of either of the facts, one or more of which is required to be shown. Such an allegation in a complaint would be held bad on demurrer, and it has no tendency to establish either of the facts mentioned. We are remitted, therefore, in the search for proof upon which the county judge might act judicially in determining the plaintiff's application for an attachment, to the specific statements of the affidavit, made on the strength of alleged declarations of the defendant. And, in respect to these, waiving all minor questions, as, for example, whether such evidence is not mere hearsay, and whether the declarations of an assignor of personal property are admissible to impeach the title of his assignee — it seems very clear that this evidence, even if held competent, fails to support, *prima facie*, either of the conclusions of fact previously alleged. The only effect claimed for it in that direction is that it tends to show that the defendant, as survivor, etc., had disposed of the greater part of the property of the firm with intent to defraud the creditors of the firm. But to give it such effect

is to do violence to the plain import of the alleged declarations of the defendant. Those declarations import nothing more than that the defendant has turned out property of the firm to pay and secure a particular debt and a particular liability, and thereby to prefer those obligations to other obligations of the firm. The *bona fides* of those obligations is in no wise impeached. The statement that the sales of the property were " without the payment of any *bona fide* consideration " is, evidently, only another form of the previous statement that the property was turned out in payment of a precedent debt. No rule of law is more absolute than that, in the absence of statutory regulation of the distribution of the estate of insolvents, the debtor may employ his property in payment of such of his honest debts as he sees fit to prefer. The provisions of the act of 1887 (chap 503), apply only to general assignments for the benefit of creditors, and have never been extended beyond the case of transfers of property so connected with a general assignment as, manifestly, to constitute a part of the same scheme for the disposition of the estate of the insolvent. (*Manning* v. *Beck*, 54 Hun, 102; see, also, same case on appeal, 41 N. Y. St. Rep., 199.) The statement that such sale was made at less than the fair market-value of the property is a mere conclusion of fact of which no evidence is given; it is not stated what was the market-value of the property, nor at what price it was applied in payment of the debts mentioned, nor whether the difference between such value and price was substantial or merely nominal. And the concluding allegation of this branch of the affidavit — whether it is to be regarded as a declaration of the defendant or a conclusion of the affiant — lends no substantiation to the charge of fraudulent intent on the part of the defendant. It is as follows: " That such sales and transfers were made for the sole and only purpose of preferring the said Emmett C. Dwelle and Augustus W. Franklin, and in order that the other creditors of Henry Tuthill & Son should be prevented from collecting their debts and demands and left remediless." As we have already observed, the purpose to prefer the creditors named was a lawful one, and its execution must necessarily have the effect to prevent the collection of the debts due to other creditors so far as property turned out to the former is concerned. There seems to be nothing in the facts disclosed by this affidavit to impugn the honest intent or the

lawful effect of the transaction which is the subject of the narrative. Such being the case, the learned county judge was without juris-diction to issue the attachment, and the motion to vacate the same should have been granted.

The order appealed from should be reversed, and the motion granted.

MACOMBER and LEWIS, JJ., concurred.

Order appealed from reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.