### MacDONALD *v.* KIEFERDORF *et al.*

*(Common Pleas of New York City and County, General Term.* May 2, 1892.)

1. APPEAL—OBJECTIONS WAIVED—IRREGULARITIES OF ATTACHMENT.
    Objections to a motion by creditors to vacate an attachment, on the ground that the moving papers do not show that any valid attachment had been obtained by the moving creditors, and that the particular irregularity in the attachment is not specified in the moving papers, cannot be first made in an appellate court.

2. ATTACHMENT—GROUNDS OF WARRANT—MANDATORY PROVISIONS.
    The provisions of Code Civil Proc. § 641, that a warrant of attachment "must be subscribed by the judge and the plaintiff's attorney, and must briefly recite the ground of the attachment," are mandatory, and the omission of such requirements is not a mere irregularity, curable by amendment.

3. SAME—DEPARTURE FROM CITY AND STATE OF NEW YORK.
    A warrant of attachment which merely recites that "defendant has departed from the city and state of New York," such departure not being by statute specified as a ground of attachment, does not comply with Code Civil Proc. § 641, providing that the warrant shall briefly state the ground of the attachment.

Appeal from special term.

Action by Nellie MacDonald against Frederick F. Kieferdorf and others. On the 1st day of February, 1892, the plaintiff and appellant procured a warrant of attachment against the property of Frederick F. Kieferdorf in this action, which was subsequently levied upon the property of the defendant. The warrant recited "that defendant has departed from the city and state of New York." Subsequently Harford B. Kirk and others, composing the firm of H. B. Kirk & Co., the respondents, upon an affidavit of their attorney alleging the granting of the said warrant of attachment in the above-entitled action on February 1, 1892, a copy of which he annexed to the moving papers, and also that in pursuance thereof the sheriff had made a levy on the stock and goods of the defendant; that on or about February 4, 1892, an action was commenced in this court, in which the respondents were plaintiffs, and the defendant herein defendant; that on February 5, 1892, an attachment was granted in said last-mentioned action against the property of the defendant, upon the ground that defendant had departed from this state with intent to defraud his creditors, or to avoid the service of a summons, and duly issued to the sheriff, who, by virtue thereof, attached the property of the defendant; and upon the sheriff's certificate that he had levied upon the property of the defendant by virtue of each of the aforesaid attachments,—moved to vacate the attachment granted herein, upon the ground that it fails to comply with sections 23 and 641 of the Code of Civil Procedure. Upon the argument of the said motion the appellant applied to the court "for leave to amend the said warrant of attachment, by inserting therein a full statement of the grounds upon which the said warrant was granted, as required by section 641 of the Code of Civil Procedure;" which application was denied, and the said

motion was granted, "upon the ground that the said warrant of attachment fails to comply with section 641 of the Code of Civil Procedure;" and from the order entered thereon the plaintiff appeals.    Affirmed.

Argued before DALY, C. J., and BISCHOFF and GIEGERICH, JJ.

*Henry Heymann,* (*S. F. Kneeland,* of counsel,) for appellant.    *Shepard, Terry, McKelvey & Prentiss,* (*Seth Sprague Terry,* of counsel,) for respondents.

GIEGERICH, J.    The appellant seeks a reversal of the order appealed from on the ground, among others, that the moving papers in this case do not show that any valid attachment had been obtained by the moving creditors, and that, therefore, the motion to vacate her attachment could not be entertained. Had such an objection been made in the court below, it would have been fatal to the right of the moving creditors to make such application, (*Tim* v. *Smith,* 3 Civil Proc. R. 347, affirmed 93 N. Y. 87; *Williams* v. *Waddell,* 5 Civil Proc. R. 191; *Bruen* v. *Gillet,* 44 Hun, 298; *Williams* v. *Kulla,* 11 N. Y. St. Rep. 283; *Dayton* v. *Manufacturing Co.,*[1]) unless the defect pointed out was permitted to be supplied by amendment.    But it would be manifestly unjust to permit such an objection to be raised for the first time on appeal, which the appellant had every opportunity to present in the court below, and which, if made, might have been met by strict legal proof of the subsequent lien, (*Tim* v. *Smith, supra;*) or, if the court would not have permitted an amendment to supply such proof, it must have denied the motion without prejudice to a renewal of the application upon proper proofs and papers.    Therefore, under these circumstances, the objection is not available on appeal in the first instance.

The appellant also insists that the particular irregularity is not specified in the moving papers.    The order to show cause specifies with sufficient distinctness the grounds upon which the moving creditor moved the court to vacate the warrant of attachment herein; but, conceding that the ground was not sufficiently pointed out, the record shows that this objection was not raised in the court below, where a full argument and hearing was had upon the merits, and, under the authorities, the objection cannot now be entertained for the first time.    *Livermore* v. *Bainbridge,* 14 Abb. Pr. (N. S.) 227; *Miller* v. *Kent,* 10 Wkly. Dig. 361, 59 How. Pr. 321.

The appellant also insists that the omission of any of the requirements specified in section 641 of the Code of Civil Procedure is a mere irregularity, and that such an omission may be supplied by amendment.    It is difficult to see how such a construction can be placed upon these provisions of the Code, which are mandatory, as clearly appears by the following portions thereof applicable to the case under consideration, viz.: "The warrant must be subscribed by the judge and the plaintiff's attorney, and must briefly recite the ground of the attachment."    Id.    The requisites of the warrant are thus pre-

---

[1] The case of Dayton v. McElwee Manuf'g Co. was heard at chambers, (supreme court, New York county,) before Mr. Justice INGRAHAM, who filed the following memorandum on December 21, 1891: "To entitle the moving party to apply to have the plaintiff's attachment vacated, he must show that he has acquired a lien upon or interest in the defendant's property after it was attached.    To show such an interest, a copy of the attachment is annexed to the moving papers, granted by one of the justices of this court, directing the sheriff to attach the defendant's property.    The affidavits upon which the moving party's attachment was granted are not made part of these papers, and there is no evidence to show that the justice granting the attachment had jurisdiction to grant it.    In Tim v. Smith, 3 Civil Proc. R. 349, it was held that the papers upon which the attachment of the moving party was granted must be made a part of the motion papers, so that the court can determine on the motion whether the judge granting the attachment had jurisdiction, and this case appears to have been followed.    I think, therefore, the moving party has failed to show that he has a lien upon or interest in the defendant's property, and, for that reason, the motion must be denied."

scribed, and it is manifest from the language of the statute that the legislature intended that, unless these provisions are complied with, the warrant should be void. This view is in accord with that of the codifiers, whose reasons for the additional requirements which now appear in section 641 of the Code are stated by Mr. Throop in his notes on the New Code, at page 129, and in which he says that the additions to this section are modeled upon a corresponding section in title 1, § 561. In the note to section 561, he says the second and third sentences have been added, and that the former expressly requires the order to state the grounds of arrest, so as to harmonize the provision with similar provisions, relating to other provisional remedies, and with section 568, whereby the plaintiff, in opposing a motion to vacate an order of arrest, made upon proof on the part of the defendant, is, in general, confined to the grounds of arrest recited in the order. While section 561 was amended in 1877 so as to omit this requirement, it can make no difference in the reason given by the codifiers. It was manifestly their intention to require the ground to be recited in the warrant of attachment, as section 683 expressly provides that, upon a motion to vacate an attachment made upon additional affidavits, new proof on the part of the plaintiff may be made tending to sustain any ground for the attachment recited in the warrant, and no other.

In the case at bar the warrant which was vacated substantially failed to recite the ground of the attachment. It merely recited that "defendant has departed from the city and state of New York." This is not one of the grounds specified in the Code for the granting of an attachment. A person has a perfect right to depart from the city and state of New York without subjecting his property to an attachment. In only two instances can an attachment be granted against the property of a person departing from the state, and those are when he departs either with intent to defraud his creditors or to avoid the service of a summons. We have not, after some research, been able to find any decision touching the precise point involved. We have been referred to the case of *Bank* v. *Bushwick*, (Sup.) 6 N. Y. Supp. 318, which does not touch the point, and it therefore cannot be regarded as controlling. In that case an attachment was granted upon the ground that the defendant was about to fraudulently assign, secrete, or dispose of its property, while the warrant recited that it had transferred and disposed of its property fraudulently. The court said this was irregular, but, as the defect had not been pointed out in the notice of motion as a ground of vacating the attachment, it could not be taken advantage of. The difference between that case and the one at bar is plain. There the warrant on its face was a good one, as it recited a ground recognized by the Code; but in the case at bar the warrant does not recite any legal ground whatsoever. The case of *Worthington* v. *Dorsett*, 6 N. Y. St. Rep. 861, reversing Daily Reg. Oct. 5, 1886, which arose in the supreme court, is in harmony with the views above expressed. In that case the name of the judge who granted the attachment was omitted from the copy warrant served. The defendants moved to vacate the attachment, which was denied by the judge at chambers, who held that the omission referred to was a mere irregularity, which it was the duty of the court to permit to be remedied, and was not a good ground for vacating the attachment. . On appeal, the order denying the motion to vacate the attachment was reversed, and the paper purporting to be an attachment vacated. The appellant has cited a number of cases, which have been carefully examined and considered, but none of them are at variance with the conclusions arrived at and hereinbefore expressed. As a result of such an examination of the cases so cited, and of those cited by the respondent, it is deemed to be not amiss to state that the following deductions have been drawn therefrom, viz.: (1) That, where the form of a mandate is prescribed by the Code, it must be substantially followed; otherwise the paper will be jurisdictionally defect-

ive and void. *Osborn* v. *McCloskey*, 55 How. Pr. 345; *Worthington* v. *Dorsett, supra; Place* v. *Riley*, 98 N. Y. 1; and see *Blossom* v. *Estes*, 84 N. Y. 614. (2) But where the substantial rights of the defendant have not been violated, nor the rights of third persons prejudiced, the defect may be disregarded or supplied by amendment. *Atlantic, etc., Tel. Co.* v. *Baltimore, etc., R. Co.*, 46 N. Y. Super. Ct. R. 377, 409. (3) Where the paper purporting to be a mandate recites the necessary jurisdictional facts, the same will not be set aside because of erroneous recitals therein, particularly if the defect is not pointed out in the notice of motion as a ground of vacating the attachment. *Bank* v. *Bushwick, supra*. (4) That sheriffs, in an action against them to enforce an alleged liability as bail, cannot attack the form of the mandate placed in their hands for enforcement. *Douglas* v. *Haberstro*, 88 N. Y. 611. Inasmuch as the warrant in the case at bar was jurisdictionally defective, the order appealed from should be affirmed, with costs. All concur.