ABRAM H. GARSON and Another, Plaintiffs, v. PHILIP BRUMBERG, Defendant.

*Warrant of attachment — allegation in the alternative — when proper.*

A warrant of attachment must briefly recite the grounds upon which it was granted, and it is defective if it follows the language of the statute and recites in the alternative that the debtor " has removed or is about to remove property from the State with intent to defraud his or its creditors, or has assigned, disposed of or secreted, or is about to assign, dispose of or secrete property, with the like intent."

Where it is doubtful whether a debtor has departed from the State, or has concealed himself therein, with the intent to defraud his creditors or avoid service, an attachment will be granted if the creditor charge in the disjunctive that he has done one or the other.

APPEAL by Emanuel V. Abrams and others, judgment creditors of the defendant, Philip Brumberg, from an order of the Supreme Court, made at the Monroe County Special Term and entered in the office of the clerk of the county of Monroe on the 31st day of August, 1893, denying such judgment creditors' application to vacate a warrant of attachment against the property of the defendant.

*Edward L. Jellinck*, for E. V. Abrams and others, judgment creditors, appellants.

*Wile & Goff*, for plaintiffs, respondents.

HAIGHT, J. :

The motion to vacate the attachment was based on the papers upon which it is granted. The grounds recited in the attachment are that " the said defendant did, on or about the 20th July, 1893, being a natural person and resident of this State, depart from this State

with intent to defraud his creditors, or to avoid the service of a summons, or keeps himself concealed therein with the like intent."

Whilst the affidavits upon which the attachment was granted are properly subject to some criticism, still we are of the opinion that the facts stated are sufficient to authorize the issuance of the warrant.

A more serious question arises as to the grounds stated in the attachment, the recitals being in the alternative. The warrant of attachment must now briefly recite the grounds upon which it was granted. (Code Civ. Proc. § 641.)

It may be granted where "the defendant is either a foreign corporation or not a resident of the State; or, if he is a natural person and a resident of the State, that he has departed therefrom, with intent to defraud his creditors or to avoid the service of a summons, or keeps himself concealed therein with the like intent; or, if the defendant is a natural person or a domestic corporation, that he or it has removed, or is about to remove, property from the State with intent to defraud his or its creditors; or has assigned, disposed of or secreted, or is about to assign, dispose of or secrete property with the like intent." (Code Civ. Proc. § 636, subd. 2.)

In *Dinturff* v. *Tuthill* (43 N. Y. St. Repr. 704; S. C., 62 Hun, 591) it was held that a warrant of attachment which follows the language of the statute, and recites the facts in the alternative, is defective. In that case the recital was to the effect that the defendant "has removed, or is about to remove the property of the said firm from the State, with intent to defraud the creditors of the said firm, or has assigned, disposed of or secreted, or is about to assign, dispose of or secrete, the property of the said firm with intent to defraud the creditors of said firm."

And to the same effect is *Macdonald* v. *Kieferdorf* (46 N. Y. St. Repr. 176); *Johnson* v. *Buckel* (48 id. 924); *First National Bank, etc.,* v. *Bushwick Chemical Works* (25 id. 830).

But these cases are all under the other clause of the section, and are not necessarily controlling upon the question under consideration. They charge that the defendant has removed, or is about to remove, property from the State with the intent to defraud his creditors, or has assigned, disposed of or secreted, or is about to assign, dispose of or secrete, property with the like intent. The

removal of property with the intent to defraud creditors is one ground, and the assignment of it with like intent is another; but they are based upon different facts, and both cannot well be included in or established by the same facts, whilst, under the other provision of the Code, the intent to defraud creditors, or to avoid the service of a summons, may be established from the same facts. Whether he has departed from the State, or keeps himself concealed therein, is immaterial where the purpose and intent is the same. It appears to us that this subdivision of the section may properly receive a construction which allows the grounds to be stated in the attachment in the alternative. Otherwise, the clause can be of but little benefit, for where the debtor has secreted himself, either by departing from the State or by hiding himself within the State, the creditor, if compelled to establish which, will, in most cases, be powerless to do so, for reasons which are obvious. The distinction to which we have alluded is clearly pointed out by Drake on Attachments. At section 101 he calls attention to a rule, to the effect that as many grounds may be alleged for the attachment as are within the terms of the law and may be deemed expedient, but in doing so the several grounds should be stated cumulatively and not in the disjunctive; and then, following, in section 102, he says: " Where the disjunctive *or* is used, not to connect two distinct facts of different natures, but to characterize and include two or more phases of the same fact attended with the same results, the construction just mentioned would be inapplicable. For instance, where the statute authorized an attachment when the defendant absconds or secretes himself, it was considered that, from the difficulty of determining which was the fact, the language comprised but one ground, and the disjunctive *or* did not render the affidavit uncertain," referring to *Johnson* v. *Hale* (3 Stewart & Porter, 331.) Continuing, he says: " It is," said the court, " often difficult, if not impracticable, for the creditor to ascertain whether his debtor absconds or secretes himself. He has to rely frequently upon such information as his family or friends will give him, which cannot always be confided in; hence, to allow sufficient latitude to the creditor in making his affidavit, and to prevent failures from having mistaken the cause why the debtor is liable to the remedy, the law has very properly provided for its issuance in the

alternative," referring to *Cannon* v. *Logan* (5 Porter, 77). Knee-land on Attachment (§ 215) says: " Although there is a distinction in words between a concealment and an absconding, there is no difference in fact. The terms are not strictly synonymous, but the one is included in the other. Absconding is not always a concealment, but concealment, for the purpose of defrauding creditors or avoiding service of summons, is always an absconding. Where both of the terms are used, either separately or conjunctively, the one refers to an absconding or concealment within, and the other without, the State; but the line of demarkation is not drawn so strictly as to affect the jurisdiction of the court. It is not a fatal defect in an affidavit, therefore, to use the terms *absconds or conceals himself*, as but one real ground of attachment is set forth, the terms being for that purpose equivalent. And where it is doubtful whether a debtor has departed from the State or conceals himself therein with the intent to defraud his creditors or avoid service, an attachment will be granted if the creditor charge in the disjunctive that he has done one or the other.

In *Van Alstyne* v. *Erwine* (11 N. Y. 331, 339) DENIO, J., in considering the grounds upon which an attachment may issue, says: " It is objected that the application is in the disjunctive, that the debtor had departed from the State or was concealed within it, with intent to defraud his creditors, and it is said that the creditor should have stated his case under one or the other aspect, and not in the alternative. The remedy is precisely the same whether the debtor had absconded or was concealed. No difference whatever existing in the proceedings in the two cases. A case may be so circumstanced that although it may be conclusively shown that the debtor has left his place of residence in order to defraud his creditors by depriving them of their remedies, yet it may be impossible even to conjecture whether he has continued his flight beyond the boundaries of the State or has resorted to some place of concealment in it. The affidavits disclose such a case in the present instance. If the objection is well founded there could be no proceeding under this statute in a case thus circumstanced. The debtor would have only so to conduct his evasion as to make it uncertain which course he had adopted and he would avoid this remedy. I do not think the statute requires such a construction." (See, also, 2 Wait's Pr. 137.)

It is claimed that these cases have no application, for the reason that the Code now requires the grounds to be stated in the attachment. Formerly, it is true, the grounds were not required to be so stated, but they were required to be shown from the facts set forth in the affidavits upon which the attachment was issued; and if the facts in the affidavit, stated in the alternative, were sufficient under the subdivision of the Code alluded to, we fail to see why they may not be so stated in the attachment.

We think the order appealed from should be affirmed, with ten dollars costs and disbursements.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.