JOHN S. CRONIN, Appellant, *v.* JOHANNA C. CROOKS, Respondent.

*Warrant of attachment — recital of grounds thereof — charge therein in the alternative — not a compliance with Code of Civil Procedure,* § 636.

Where the charge in a warrant of attachment is "that the said defendant is a natural person and a resident of the State, and has assigned and disposed of, or is about to assign and dispose of, her property with intent to defraud her creditors," such charge is an equivocal or alternative assertion, leaving the ground in doubt, and, therefore, fails to be a recital of the ground of the attachment such as is required by section 641 and by subdivision 2 of section 636 of the Code of Civil Procedure.

APPEAL by the plaintiff, John S. Cronin, from an order of the Supreme Court, made at the Albany County Special Term and entered in the office of the clerk of the county of Rensselaer on the 4th day of November, 1893, vacating and setting aside a warrant of attachment granted on the 31st day of October, 1893.

*Thomas S. Fagan* and *T. E. Long*, for the appellant.

*John P. Carley* and *Frank S. Black*, for the respondent.

MAYHAM, P. J.:

In this case a judge of this court at Chambers granted a warrant of attachment on an *ex parte* application of the plaintiff, and subsequently on a motion made by the defendant on notice, but upon the affidavit used on the motion for the attachment and the warrant of attachment issued by him, the same justice vacated the attachment and the levy made thereunder by the sheriff, and by the order vacating such warrant and levy directed the sheriff to deliver the attached property to a person therein named.

A summons in this action was issued and served on the defendant with the attachment.

The affidavit upon which the warrant of attachment was issued alleges indebtedness from the defendant to the plaintiff. That the defendant was the owner of a store of dry goods in Troy, N. Y., and that she, without any actual consideration, executed and delivered to her son a chattel mortgage for $1,900, and on the execution thereof surrendered the nominal possession of the goods and store to the mortgagee. The affidavit also alleges certain conversations and admissions of the defendant, which, it is claimed, tend to prove that this mortgage was fraudulent, but did not, we think, establish that fact. The affidavit concludes with the following statement: "That, as this plaintiff verily believes, the said defendant being a natural person and a resident of the State, by the execution and delivery of said chattel mortgage by her to her said son, James Walsh, on the entire stock of goods in her said store, which said stock of goods were at that time fairly worth, as plaintiff believes, about the sum of $6,000, and by putting said Walsh in possession of said stock of goods for her benefit as aforesaid, has assigned and

disposed of, and is about to assign and dispose of, her property with intent to defraud her creditors, and to hinder, delay and defraud this plaintiff in the collection of his claim and demand against her."

On this affidavit and upon the execution of a proper undertaking by the plaintiff, the learned judge issued his warrant of attachment in the following form:

" SUPREME COURT — COUNTY OF RENSSELAER. .

" JOHN S. CRONIN *against* JOHANNA C. CROOKS.

" The People of the State of New York.
" *To the Sheriff of the County of Rensselaer, Greeting:*

" Whereas, an application has been made to me for a warrant of attachment against the property of Johanna C. Crooks, defendant, in an action in the Supreme Court of Rensselaer county, wherein John S. Cronin is plaintiff and Johanna C. Crooks is defendant.

" And whereas, it appears by the affidavit of John S. Cronin, which is presented to me on such application, that a cause of action, upon contract, for the recovery of money exists against said defendant in favor of such plaintiff, and that the sum of one thousand one hundred and thirteen dollars is due from said defendant to the said plaintiff, upon the ground that a cause of action exists against said defendant in favor of the plaintiff for the breach of a contract for goods, wares and merchandise sold and delivered and moneys paid to defendant's use by the plaintiff at defendant's request, which constitutes the plaintiff's demand against the defendant in said action, and that the said defendant is a natural person and a resident of the State, and has assigned and disposed of, or is about to assign or dispose of her property with intent to defraud her creditors, and that the plaintiff is entitled to said attachment according to the provisions of the Code of Civil Procedure, and he having given the undertaking required by the provisions of the said Code, now, you are hereby commanded and required to attach and safely keep so much of the property within your county which the defendant has or which she may have at any time before final judgment in this action, as will satisfy the plaintiff's demand above stated, together with costs and expenses, as security for the satisfaction of said judgment as said plaintiff may recover in said action; and when this

warrant shall be fully executed or discharged you are required to return the same, with your proceedings thereon, to this court.

"In witness whereof I have hereunto set my hand this 31st day of October, 1893."

The controversy in this case seems to arise on the sufficiency of the statement in the warrant of the grounds of the attachment, and the sufficiency of the affidavit used on the application for the warrant does not seem to be in question on this appeal. The question presented is whether the recital in the warrant is defective and does not state a valid ground for the attachment.

By section 641 of the Code of Civil Procedure it is provided as follows: "The warrant must be subscribed by the judge and the plaintiff's attorney, and must briefly recite the ground of the attachment." This provision is mandatory, and unless we can find on the face of the warrant a statement of the ground upon which it was issued we cannot hold that this section has been complied with.

The charge in this warrant is " that the said defendant is a natural person and a resident of the State, and has assigned and disposed of, or is about to assign or dispose of her property, with intent to defraud her creditors."

Subdivision 2 of section 636 of the Code of Civil Procedure specifies the various grounds upon which an attachment may issue, either of which, when appearing, is sufficient to warrant its issuance; but without the existence of one or more of such grounds it cannot issue. If, therefore, it appeared on the face of this warrant, and was stated in it that the defendant had assigned or disposed of her property with intent to defraud her creditors, it would have been a sufficient recital of the grounds of the attachment to meet the requirements of section 641 of the Code.

Or if it had recited that she was about to assign, secrete or dispose of her property with intent to defraud her creditors, such recital would have been sufficient. Or if the recital had united both these grounds by a copulative conjunction that would have been a compliance with the provisions of that section, because that would have been a recital of one or more of the grounds upon which an attachment may issue.

But by disjunctively uniting two grounds, either of which, when

standing alone, would be sufficient, or both of which, when coupled, would be good ground, that which would be a positive assertion when standing alone, or copulatively connected, becomes an equivocal or alternative assertion, leaving the ground in doubt, and, therefore, fails to be a recital of the grounds of the attachment, such as is required by subdivision 2 of section 636 of the Code of Civil Procedure. This question seems to have been settled in several well-considered cases. In *Dintruff* v. *Tuthill* (62 Hun, 591) it was expressly held that statements in the alternative were not a compliance with section 641 of the Code of Civil Procedure, which required that the warrant " must briefly recite the grounds of the attachment." To the same effect were *Arnot* v. *Wright* (55 Hun, 561); *Collins* v. *Beebe* (27 N. Y. St. Repr. 4); *First National Bank* v. *Bushwick Chemical Works* (25 id. 830); *Rothschilds* v. *Mooney* (36 id. 565).

It is true that in some of these cases it was held that the use of the disjunctive " or " instead of the copulative " and " in an affidavit for an attachment, was a mere irregularity, for which the warrant would not be vacated if the affidavit on its face showed sufficient ground for the issuance of an attachment.

But I have found no case holding such a defect in the warrant could be disregarded. Other questions are raised by the appellant on this appeal, but in the view we have taken they need not be considered.

We are, therefore, of the opinion that the learned judge at Special Term was right in setting aside the warrant of attachment in this case, for the reason that no ground was stated therein for the granting of the same ; for the reason that the statement in the alternative neither stated one fact nor the other, and for that reason the order should be affirmed.

PUTNAM, J., concurred; HERRICK, J., not acting.

Order affirmed, with ten dollars costs and printing disbursements.