SMITH, PERKINS & COMPANY, Respondent, *v.* MILON F. WILSON and Another, Appellants.

*Warrant of attachment — recital therein in the alternative of the grounds thereof — when sufficient.*

The statement in a warrant of attachment that "the defendants have assigned, disposed of or secreted their property with intent to defraud their creditors" is a recital of one class only of the grounds set forth in section 636 of the Code of Civil Procedure and is sufficient.

The same state of facts presented by affidavits might consistently be applicable to, and permit inferences in support of, each of the causes of action recited.

APPEAL by the defendants, Milon F. Wilson and another, from an order made by the county judge of Monroe county, and entered in the office of the clerk of the county of Monroe on the 23d day of February, 1894, denying the defendants' motion to vacate a warrant of attachment upon the original papers.

*H. H. Woodward*, for the appellants.

*W. W. Webb*, for the respondent.

BRADLEY, J. :

The objections made to the warrant of attachment are : (1) That it fails to state the ground upon which it was issued.  (2) That the affidavits are insufficient to authorize or support it.

The recital in the attachment of the grounds is that "the said defendants have assigned, disposed of or secreted their property with intent to defraud their creditors."   It is said that this alternative statement does not specify which of the causes so recited is the one upon which the process was issued, and, therefore, the requirement of the statute in that respect is not observed.   (Code Civ. Proc. § 641.)

This has been the subject of consideration in several cases since the enactment of the provisions of that section.   (*Rothschild* v. *Mooney*, 36 N. Y. St. Repr. 565 ; *Dintruff* v. *Tuthill*, 62 Hun, 591 ; *Garson* v. *Brumberg*, 75 id. 336 ; 26 N. Y. Supp. 1003 ; *Cronin* v. *Crooks*, 76 Hun, 119 ; 57 N. Y. St. Repr. 475 ; 27 N. Y. Supp. 822.)

In none of those cases is it determined that a recital like the one in question is insufficient.

Amongst the grounds specified as essential to an attachment are those that the defendant has removed, or is about to remove, property

from the State with intent to defraud his creditors, " or has assigned, disposed of or secreted, or is about to assign, dispose of or secrete, property with the like intent." (Code Civ. Proc. § 636.) In the *Cronin* case the recital in the attachment was that the defendant " has assigned and disposed of, or is about to assign or dispose of, her property with intent to defraud her creditors." This disjunctive union of the two grounds was held bad, and not such as to support the attachment. But it was there remarked that a statement that the defendant had assigned or disposed of property with intent to defraud her creditors would have been a compliance with the statute, as would also have been the recital that she was about to assign, secrete or dispose of her property with such intent.

In the *Rothschild* case an attachment having a recital similar to that in the *Cronin* case was sustained.

In *Dintruff* v. *Tuthill* the recital was that the defendant had removed, or was about to remove, property from the State with intent to defraud creditors, or had assigned, disposed of or secreted, or was about to assign, dispose of or secrete, his property with the like intent. This was a statement in the alternative of distinct classes of the causes for which a warrant of attachment could be granted, and it was held that by thus disjunctively reciting them neither was designated as the ground upon which it was issued, and for that reason there was a failure to comply with the requirement of section 641 before mentioned.

In the present case the recital is of one class only of the grounds as they are arranged in section 636, and the same state of facts presented by affidavits may consistently, in supposable cases, be applicable to and permit inferences in support of each of the causes so recited. And within the rule stated in *Garson* v. *Brumberg* the statement of the grounds must be deemed sufficiently made in the attachment.

A careful examination of the affidavits leads to the conclusion that they are sufficient to support it.

The order should, therefore, be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Order of county judge of Monroe county appealed from affirmed, with ten dollars costs and disbursements.