### LASSEN v. BURT.

(Supreme Court, Appellate Term.   March 21, 1905.)

**1. ATTACHMENT—AFFIDAVIT.**

An attachment was issued on the ground that defendant had departed from the state with intent to defraud his creditors and to avoid service. Plaintiff averred in the affidavit that defendant had so departed with such intent, but did not state on what his belief was founded; and, though he stated that he and his employés had made diligent efforts to find defendant, he did not state in what such efforts consisted, nor what his employés were told with reference to defendant, who told them, or who the employés were that were told, though he averred that they had been informed that defendant had so departed from the state; nor did he furnish the affidavits of the employés themselves, or of the persons who informed them, or give any reason for not furnishing them. *Held*, that such affidavit was fatally defective.

**2. SAME—SIGNING BY PLAINTIFF'S ATTORNEY.**

An attachment not signed by plaintiff's attorney, as required by Code Civ. Proc. § 641, was fatally defective.

**3. SAME—INQUEST—PROOF.**

Where, in an action on contract, plaintiff's proof on an inquest of damages consisted merely of the contract and his conclusion that something was due, but included no evidence of performance by plaintiff, he was not entitled to judgment.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Alexander C. Lassen, doing business as the Daily Financial News, against Edward I. Burt, sued as Edward I. Burt & Co.   From a Municipal Court judgment in favor of plaintiff, defendant appeals.   Reversed.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

Charles Soble, for appellant.
William Harman Black, for respondent.

SCOTT, J.   The court's jurisdiction to render judgment at all against defendant rested upon the validity of the attachment, and its validity depended upon whether the necessary jurisdictional facts were stated to justify its issuance.   The ground upon which the attachment was applied for was that defendant had departed from the state with intent to defraud his creditors and avoid the service of summons, and kept himself concealed with like intent. Not one evidentiary fact is contained in the affidavit upon which the warrant was issued.   The plaintiff swears that defendant has so departed with said intent, but clearly this is merely a statement of his belief, and he does not say upon what such belief was founded. He says that he and his employés have made diligent efforts to find defendant, but he does not show in what those efforts consisted, so that the court could form a judgment whether they were really diligent or not.   He swears that his "employés have been informed that he [defendant] has so departed as above set forth," but he does not show what his employés were told, or who told them, or who the employés were that were told; nor does he furnish the affidavits of

the employés themselves, or of the persons who informed them, or give any reason for not furnishing them. It is difficult to imagine a more completely insufficient affidavit, and it obviously conferred no jurisdiction upon the justice to issue a warrant. ·Steuben Co. Bank v. Alberger, 78 N. Y. 252, 258. The attachment itself was irregular and void, in that it was not signed by the plaintiff's attorney, as required by section 641, Code Civ. Proc. McDonald v. Kieferdorfer, 18 N. Y. Supp. 763. And finally the evidence taken upon the inquest failed to show that anything was due to plaintiff. It consisted merely of the contract, and plaintiff's conclusion that something was due, but included no proof of performance by plaintiff. The jurisdictional defect, however, is fatal to the judgment and to the maintenance of the action.

Judgment reversed and complaint dismissed, with costs to appellant in this court and the court below. All concur.