## MOSKOWITZ v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Term.  April 24, 1905.)

STREET RAILROADS—REFUSAL OF TRANSFER—EXCUSE.

Under Railroad Law (Laws 1892, p. 1406, c. 676) § 104, requiring certain street railroads to give to each passenger, on demand, without extra charge, a transfer entitling the passenger to one continuous trip to any point or portion of such railroad, it is no excuse for the refusal to give a transfer at a particular point that it might cause undue crowding in the street and at the crossings.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Celia Moskowitz, an infant, by Louis Griessman, her guardian ad litem, against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, defendant appeals.  Affirmed.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

Sheehan & Collin (Charles A. Collin, John L. Wells, and William M. Parke, of counsel), for appellant.

Siegel & Louis, for respondent.

SCOTT, P. J.  This is an action to recover a statutory penalty for defendant's refusal to issue a transfer at an intersection of its lines at Adams and Willoughby streets, in the borough of Brooklyn. The plaintiff, desiring to go from the borough of Manhattan, boarded a so-called Bergen street car at the New York end of the Brooklyn Bridge.  She paid her fare to the conductor, and told him that she wanted to go to the Navy Yard, and he gave her a transfer.  A passenger who accompanied her, having paid his fare, also asked for a similar transfer, which was refused.  The attention of the conductor having been called to the fact that he had already given plaintiff a transfer, he took it back.  At the intersection referred to, plaintiff left the first car and took another, but, having no transfer, was compelled to pay an additional fare.  The defendant relies upon several defenses, and mainly upon its showing that it ran and controlled several other lines of cars from the point of plaintiff's embarkation to her point of destination, over which it is accustomed to give transfers, and upon the allegation that it would be inconvenient and dangerous to give transfers at the point at which plaintiff desired one.  In presenting its defense it has been the evident purpose of the defendant to bring itself within the lines of the opinion delivered by Mr. Justice Hatch in Topham v. Interurban Street Railway Co., 96 App. Div. 323, 89 N. Y. Supp. 298.  Without passing to a consideration of the facts of the present case as viewed in the light of that opinion, it may be noted that, in the respects dwelt upon by the defendant, that opinion represented only the views of the distinguished justice who wrote it, and of one other.  The case itself was decided upon the point made by Mr. Justice Ingraham, which has since apparently been overruled by the Court of Appeals. O'Reilly v. Brooklyn Heights R. Co., 179 N. Y. 450, 72 N. E. 517.

Mr. Justice Hatch laid great stress upon the phrase in section 104 of the railroad law which indicated that the purpose of the Legislature in exacting transfers at intersecting points was to promote the public convenience, and he considered that a state of facts might be shown wherein the public convenience would be better promoted by refusing transfers at a particular point than by granting them; and he deemed that such a condition might present itself when it appeared that street travel and traffic were greatly congested at a particular point, and that a passenger seeking transportation might be carried from his point of departure to his point of destination for a single fare by an alternative route, not involving a transfer at a dangerous intersection. His conclusion was that section 104 of the railroad law (Laws 1892, p. 1406, c. 676), rightly construed, vests somewhat of discretion in the street railroad company to fix transfer points where the convenience of the greatest number of the traveling public will be subserved in going to and from their respective points of destination, and refusing to issue transfers at other points. As has already been suggested, this opinion, not having been adopted by the court, fails to carry with it the weight of authority, and is to be considered merely as the individual expression of opinion by a learned and experienced judge. As such it is entitled to much consideration. The opinion in the Topham Case, in the Appellate Term, was also written by a learned justice of long experience, and was concurred in by all of his associates. Upon the point here involved he said:

"The fact that there was another route embraced within the defendant's system, over which the plaintiff on each occasion might have traveled for a single fare, can make no difference, and the fact that the giving of transfers at the point in question might cause undue crowding in the street and at the crossings is no excuse for not giving them, unless sanctioned by legislative action." 42 Misc. Rep. 503, 86 N. Y. Supp. 295.

Since this construction of the statute by the court has not been authoritatively overruled, we prefer to adhere to it.

Judgment affirmed, with costs. All concur.