## C. M. PEARRE & Co. v. J. W. HAWKINS.

(Case No. 1749.)

1. ATTACHMENT — AFFIDAVIT DEFECTIVE.— An affidavit for attachment alleged "that defendants aforesaid have secreted their property for the purpose of defrauding their creditors, and that they (defendants) have disposed of their property with intent to defraud their creditors." Such affidavit was held defective, because it charges two inconsistent grounds for attachment.

2. SAME — STATUTORY WORDS DISCUSSED — DEFINITION OF WORDS.— The statutory words "secrete," "dispose," and "transfer," discussed and defined.

3. SAME — CASES CITED.— As to the definition of these words, Hopkins v. Nichols, 22 Tex., 206; Culbertson v. Cabeen, 29 Tex., 247; Carpenter v. Pridgen, 40 Tex., 34, cited and discussed.

APPEAL from Hunt. Tried below before the Hon. T. D. Montrose, Special Judge.

C. M. Pearre & Co., appellants, sued J. W. Hawkins, appellee, for money due on an account, and on the same day sued out an attachment. Appellants stated in their affidavit that the ground for this last proceeding was, " that defendants had secreted their property for the purpose of defrauding their creditors, and that they (defendants) had disposed of their property with the intent to defraud their creditors." Upon the trial below, appellants obtained a judgment for their debt against appellee, but their attachment proceedings were quashed, because the allegations in the affidavit for attachment, above set forth, were inconsistent. From that judgment of the court an appeal was taken.

*E. W. Terhune,* for appellants, as to the sufficiency of the attachment, cited: Dunnenbaum *v.* Schram, 59 Tex., 282; Blum *v.* Davis, 56 Tex., 427; Carpenter *v.* Pridgen, 40 Tex., 34; R. S., sec. 3, p. 718.

*Matthews & Neyland* and *W. C. Jones,* for appellee.

STAYTON, ASSOCIATE JUSTICE.— It becomes unnecessary, in the view taken of one question presented, to consider any other.

The affidavit for attachment alleged "that defendants aforesaid have secreted their property for the purpose of defrauding their creditors, and that they, defendants, have disposed of their property with intent to defraud their creditors."

A motion to quash the attachment was filed, and one of the grounds on which this was sought was: "Because the affidavit for attachment charges two inconsistent and contradictory grounds for said attachment, and said affidavit is therefore indefinite as to the true grounds for which the same is sought."

The motion was sustained, and this is assigned as error.

That two or more grounds for attachment are set forth in an affidavit is unimportant, unless from the manner of statement the real ground is rendered uncertain, either by the manner in which the several grounds are connected, or by the statement of two or more grounds which are within themselves inconsistent.

In the case before us the two grounds for attachment are stated cumulatively, and if one of them be true it matters not that the other be untrue.

If, however, two grounds entirely inconsistent the one with the other, be stated, it is as though no ground at all be stated, or at least the matter is left in such state of uncertainty as is wholly inadmissible, and insufficient for the information of the officer who is called on to issue a writ, before judgment, by which property is to be taken from the possession of its owner.

The Revised Statutes give several grounds for attachment not given before their enactment, and in some instances words and clauses have been inserted which were not before found in the statute.

That a person has secreted his property for the purpose of defrauding his creditors was a ground for attachment under the former, as it is under the Revised Statutes. Pasch. Dig., 142; R. S., 152.

In the cases of Hopkins v. Nichols, 22 Tex., 206; Culbertson v. Cabeen, 29 Tex., 247; and Carpenter v. Pridgen, 40 Tex., 34, the word secrete, as used in the attachment law, was held to mean "to hide, to put it where the officer of the law will probably not be able to find it." Mr. Webster thus defines the word: "To hide, to conceal, to remove from the observation or the knowledge of others, as to *secrete* stolen goods." We have no doubt that this is the sense in which the word is used in the statute. The word seems to carry with it the further idea that the thing secreted, although not open to the view of others, is still possessed or owned by the person by whom secreted.

It certainly does not convey the idea that the title or right to the thing possessed or owned is in any respect affected by the fact that it has been hidden from the view or knowledge of other persons.

"That he has disposed of his property, in whole or in part, with intent to defraud his creditors," was not in the same language made a ground for attachment under the former statute.

The nearest approach in meaning to the ground for attachment above quoted, found in the former statute, is in that clause which declared that an attachment might be issued when an affidavit was

made charging that the defendant " has transferred . . . his property for the purpose of defrauding his creditors."

In the case of Hopkins *v.* Nichols, the word "transfer" was defined, and it was held that the transfer of property and the secreting of property presented separate and distinct grounds for attachment, and not different phases of one ground.

The court said: "To transfer :property, within the meaning of the statute, is to place it in the hands of another, under pretense of title. To secrete property, within the meaning of the statute, is to hide it, to put it where the officer of the law will not probably be able to find it. These two acts can in no sense be considered as phases of the same general fact." The same was held in Culbertson *v.* Cabeen, 29 Tex., 253. In the cases referred to, however, the separate grounds for an attachment were disjunctively connected.

In the case of Carpenter *v.* Pridgen, 40 Tex., 33, the affidavit stated that the defendants "are about to transfer their property, or dispose of the same, for the purpose of defrauding their creditors," etc., and it was said that the word "dispose," when used in relation to property, has a broader signification than the word "transfer" or the word "secrete."

That this is true we think there can be no doubt; but as the word "transfer" is omitted in the present statute, and the word " dispose " is inserted where it formerly stood, it is obvious that it was intended by the latter word to reach all such cases as could have been reached by the former statute, which contained the word " transfer," and any others which might be reached by the ordinary or legal meaning of the word " dispose," when considered in reference to an appropriation of property, by the owner, in such way as to defraud his creditors, or that the word substituted was used in the same sense as the word " transfer."

If used in the latter sense only, the two grounds set out in the affidavit are inconsistent.

The one carrying with it the idea that the property in fact, as well as in form, is still owned and possessed by the debtor, and is only withheld from the process sued out by the creditor by the fact that it is hidden or concealed from the view or knowledge of the creditor, the officer and all other persons than the debtor, or those who are in his confidence. It is the hiding of the thing.

The other conveys the idea that by the act of the debtor his title to the thing has been so divested as to operate a fraud on the creditor, even though the thing be not hidden. It relates to the title of the thing transferred.

It may have been thought by the legislature that the word "transfer" could be applied only to "an act or transaction by which the property of one person is by him vested in another." This, with-out the use of some qualifying word, is the legal meaning of the term. Abbott's Dictionary; Bouvier's Dictionary; Webster.

It may have been thought necessary to use a word of broader signification, in order to embrace every conceivable form of appro-priation of property in actual ownership or otherwise to another by a debtor, with intent to defraud creditors, by an act which gives or purports to give to another a general or qualified ownership, or right in or to the thing in question.

The word "dispose" is thus defined by Mr. Abbott: "To dispose of property is to alienate it; assign it to a use; bestow it; direct its ownership."

Mr. Webster defines the primary meaning of the words, "To dis-pose of," as follows: "To part with; to sell; to alienate; as, the man has disposed of his house."

We have no doubt that these definitions embrace both the popu-lar and legal significations of the word "dispose," when used in connection with property, as it is in the attachment law.

If the word is used in the statute in any of these senses, it gives to the clause of the statute in which it is found a meaning incon-sistent with that in which the word "secrete" is found; they do not present phases of the same fact or act; nor is the existence of the one ground compatible with the existence of the other. If the debtor has disposed of his property, he has nothing which he can secrete and thereby defraud his creditor.

If he has only secreted his property he has not disposed of it.

That a person may, by a fraudulent conveyance, becloud the title to his property as affects creditors, and thereby, in a certain sense, secrete it, is true; but that would be to secrete the title or render uncertain the ownership, and not to secrete the property, and would be, within the meaning of the law, to dispose of his property.

We are of the opinion that the court below did not err in holding that the two grounds for attachment set out in the affidavit were inconsistent, and that this rendered the application so uncertain as to require the writ to be quashed.

The judgment is affirmed.

AFFIRMED.

[Opinion delivered November 18, 1884.]