### OLIVER *v.* WALTER HEYWOOD CHAIR MANUF'G CO.

(*Supreme Court, General Term, First Department.*   June 6, 1890.)

ATTACHMENT—FOREIGN CORPORATIONS—JURISDICTION.

> Under Code Civil Proc. N. Y. § 1780, providing that "an action against a foreign corporation may be maintained by a resident of the state * * * for any cause of action," but that such action "may be maintained * * * by a non-resident in one of the cases following only: * * * (3) Where the cause of action arose within the state,"—an attachment against a foreign corporation for a cause of action which does not appear to have arisen in the state will be vacated where the affidavit therefor fails to show that plaintiff is a resident of the state.

Appeal from special term, New York county.

Action by Harvey E. Oliver against Walter Heywood Chair Manufacturing Company. Plaintiff appeals from an order vacating an attachment in his favor against defendant, on the ground that it was a non-resident corporation. Code Civil Proc. N. Y. § 1780, provides as follows: "An action against a foreign corporation may be maintained by a resident of the state, or by a domestic corporation, for any cause of action. An action against a foreign corporation may be maintained by another foreign corporation, or by a non--resident, in one of the following cases only: (1) Where the action is brought to recover damages for the breach of a contract made within the state, or re--

lating to property situated within the state at the time of the making thereof. (2) Where it is brought to recover real property situated within the state, or a chattel which is replevied within the state. (3) Where the cause of action arose within the state."

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Abram Kling*, for appellant. *Billings & Cardozo*, for respondent.

PER CURIAM. The power of the court to reach by its process the property of a foreign corporation within the limits of this state depends entirely upon statutory enactment, and does not proceed from any inherent or general jurisdiction which the court possesses. Therefore, where such right is created by statute, the conditions therein attached to its exercise must be fulfilled, and they must appear before the court obtains jurisdiction. In the case at bar the defendant is a foreign corporation, and an attachment was issued against its property for a cause of action which did not appear to have arisen in this state, and therefore it was necessary, in order that the court should acquire jurisdiction, that it should appear that the plaintiff was a resident of the state. The papers are silent upon this point. Where the statute, as a preliminary to jurisdiction, requires facts to exist, they cannot be presumed.

The order should be affirmed, with $10 costs and disbursements.