JOHN S. CRONIN, Appellant, v. JOHANNA C. CROOKS, Respondent.

A warrant of attachment recited that defendant "has assigned and disposed of, or is about to assign or dispose of," with intent to defraud her creditors. *Held*, that this was not a compliance with the provision of the Code of Civil Procedure (§ 641) which requires the warrant to "briefly recite the ground of the attachment;" that the warrant stated no ground, as to state in the alternative was to state neither the one fact nor the other; and so, it was fatally defective.

(Argued October 8, 1894; decided October 16, 1894.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made February 13, 1894, which affirmed an order of Special Term vacating a warrant of attachment.

The facts, so far as material, are stated in the opinion.

*J. K. Long* for appellant. The order of affirmance of the General Term is appealable. (*Birge* v. *B. B. Co.*, 133 N. Y. 477; *Anderson* v. *Anderson*, 112 id. 104; *Harbler* v. *Bernharth*, 115 id. 459; *Dintruff* v. *Tuthill*, 62 Hun, 594; *Johnson* v. *Buckel*, 65 id. 602; *Hale* v. *Prote*, 75 id. 13.) The learned General Terms in their construction of section 641 of the Code of Civil Procedure give too much prominence to that section, which is mainly, if not wholly, directory, and fail to construe it as they should do, with section 636, which clearly shows the affidavit is the whole foundation of the attachment, and if that shows facts bringing it within section 636 the warrant issues as a matter of course. (*Thompson* v. *Dater*, 57 Hun, 319; *Ross* v. *Wigg*, 34 id. 196; *N. P. Bank* v. *Whitmore*, 104 N. Y. 305; *Brinkley* v. *Brinkley*, 56 id. 193; *D. C. M. Ins. Co.* v. *Van Wagner*, 132 id. 401; Code Civ. Pro. § 649; *Folmsbee* v. *City of Amsterdam*, 142 N. Y. 122.) The warrant of attachment briefly and truly recited the grounds of the attachment as set up in the affidavit. Under the 2d subdivision of section 636 of the Code, what the affidavit must show is, the intent on the part of

the defendant to defraud her creditors. (*Thompson* v. *Dater*, 57 Hun, 319 ; *Van Alstyne* v. *Ervine*, 111 N. Y. 331 ; *Garson* v. *Brumberg*, 75 Hun, 336.) We think the true meaning of section 641 of the Code of Civil Procedure is that the warrant must show whether the defendant is one of the several classes of defendants against whom an attachment may issue. (*Van Alstyne* v. *Ervine*, 11 N. Y. 331.) The order vacating the warrant of attachment should have been reversed, because it is itself irregular and without jurisdiction in ordering the delivery of the attached property to James M. Walsh, not a party to the action, and in whose favor no claim or proof was made that he acquired any lien on the property after it was attached. (Code Civ. Pro. §§ 682, 709 ; *Delmore* v. *Owen*, 44 Hun, 296.)

*Frank S. Black* for respondent. The warrant is defective. (*Arnot* v. *Wright*, 55 Hun, 561.) There was a waiver of notice of motion. (*White* v. *Colton*, 59 N. Y. 629 ; *Thayer* v. *Marsh*, 75 id. 640.) It was not necessary to specify the ground of the motion in the notice. (Code Civ. Pro. § 641 ; *Winnebrenner* v. *Edgerton*, 30 Barb. 185.) The warrant could not be awarded. (Code Civ. Pro. § 723.) The affidavit was insufficient. (*Simar* v. *Canaday*, 53 N. Y. 298 ; *O'Reilly* v. *Freel*, 37 How. Pr. 272, 274 ; *Yates* v. *North*, 44 N. Y. 271, 274 ; *Ellison* v. *Bernstein*, 60 id. 145, 148 ; *Dintruff* v. *Tuthill*, 43 N. Y. S. R. 704 ; Kneeland on Attachments, 368, 369, 370 ; *M. N. Bank* v. *Ward*, 35 Hun, 395, 398 ; *Bennett* v. *Edwards*, 27 id. 352, 353 ; *Neil* v. *Sachs*, 15 Wkly. Dig. 476, 477 ; *S. C. Bank* v. *Alberger*, 78 N. Y. 252, 258 ; *Murphy* v. *Jack*, 142 id. 215 ; 1 Rumsey's Pr. 519 ; *W. Bank* v. *Meehan*, 49 N. Y. S. R. 606.)

GRAY, J. The warrant of attachment, which was granted in this action, was based upon an affidavit which set forth a certain disposition made by the defendant of her property ; which deponent alleged to have been fraudulent, and whereby she had assigned and disposed of her property with intent to defraud her creditors and to hinder etc. the plaintiff in the

collection of his demand against her. Without considering the sufficiency of the affidavit, we think it very clear that the warrant was defective. The warrant recited that the defendant "has assigned and disposed of, or is about to assign or dispose of her property." The provisions of section 641 of the Code of Civil Procedure were not complied with. They provide, among other things, that the warrant "must briefly recite the ground of the attachment." This warrant stated no ground; for to state in the alternative, is to state neither the one nor the other fact. Such an alternative statement of grounds results in a mutual exclusion.

The General Terms of the first and fifth departments have construed the section of the Code in the same way as has the General Term below (*Johnson* v. *Buckel*, 65 Hun, 601 ; *Hale* v. *Prote*, 75 id. 13 ; *Dinturff* v. *Tuthill*, 43 State Rep. 704), and we think the construction, which has been thus generally given, is right. Our review of this order is justified by the insertion in it of the grounds for the affirmance. A question of law only was raised, as to the power of the court to grant such a warrant.

The order should be affirmed, with costs.

All concur.

Order affirmed.