## W. H. SAWYER LUMBER COMPANY, Appellant, *v.* EDWARD BUSSELL and Another, Respondents.

*Attachment — application therefor by a foreign corporation — jurisdictional facts must affirmatively appear — a failure to allege a compliance — section* 15 *of chapter* 687 *of* 1892.

Although the Code of Civil Procedure provides in what cases attachments may be issued, and what must be shown by the plaintiff to entitle him thereto, such provisions are not exclusive, and it is entirely within the province of the Legislature to affix other conditions to the right of persons in the State of New York to invoke such remedies.

A remedy by attachment is a step in an action, and the provision of section 15 of chapter 687 of the Laws of 1892, that "no foreign stock corporation doing business in this State without such certificate [that it has complied with all the requirements of law to authorize it to do business in this State] shall maintain any action," applies to the remedies to which, but for the prohibition of such statute, a party would be entitled.

In order to sustain attachments all facts, relating to the jurisdiction of the court or the right of the plaintiff to maintain the action, must be affirmatively set forth in the motion papers, and a defect in this respect is fatal to the attachment.

If a statute as a preliminary to jurisdiction requires certain facts to exist, such facts cannot be presumed, and where the plaintiff in an action procures an attachment for a cause of action which arises in the State of New York, it is necessary, in order that the court shall acquire jurisdiction, that it shall appear that the plaintiff is a resident of such State.

The papers upon which a foreign corporation doing business in the State of New York, in relation to a transaction arising in such State, procures an attachment, must show, for the purposes of the attachment, that the corporation has complied with the provisions of section 15 of chapter 687 of the Laws of 1892, and if such fact does not appear in the papers upon which the warrant of attachment was granted, the omission of such allegation therefrom is legal cause for vacating the warrant of attachment granted.

PARKER, J., dissenting.

APPEAL by the plaintiff, W. H. Sawyer Lumber Company, from an order of the Supreme Court, made at the New York Special Term, and entered in the office of the clerk of the county of New York on the 20th day of November, 1894, vacating a warrant of attachment heretofore granted in the action.

*Franklin Pierce*, for the appellant.

*George W. Stephens*, for the respondents.

O'BRIEN, J.:

It appeared in the affidavit on which the attachment was obtained that the plaintiff was a foreign corporation but was doing business in this State, and that the transaction out of which this action arose occurred in this State. The motion to vacate was upon the ground that there was no evidence that the plaintiff had obtained the certificate required by section 15 of chapter 687 of the Laws of 1892, and that, therefore, the warrant of attachment should not have been issued.

This section provides : " No foreign stock corporation other than a moneyed corporation shall do business in this State without having first procured from the Secretary of State a certificate that it has complied with all the requirements of law, to authorize it to do business in this State. * * * No foreign stock corporation doing business in this State without such certificate shall maintain any action in this State upon any contract made by it in this State, until it shall have procured such certificate."

Upon this ground the Special Term granted the motion to vacate the attachment, and from the order granting such motion this appeal is taken.

The proposition of law thus presented for our consideration is : Must the papers upon which a foreign corporation, doing business in this State, in relation to a transaction arising in this State, procures an attachment, show for the purposes of the attachment that the corporation has complied with section 15 of said act? And in case such fact does not appear in the affidavit, is it legal cause for vacating the warrant of attachment?

While this provision does not affect the cause of action, it does affect the remedy, and while it may be true that a good cause of action is set forth, and that for this reason a complaint would not be obnoxious to demurrer, but would require that the objection should be taken by answer, if the question were one as to the sufficiency of the pleading ; still, when we remember that an attachment is a provisional remedy, and that the section itself is aimed, not at the cause of action, but against its enforcement by a corporation unless it has procured the certificate, the question is not one of pleading nor as to the sufficiency of the complaint, but as to whether or not, upon the facts stated, the plaintiff is entitled to the remedy

sought. The Code provides, it is true, in what cases attachments may be issued, and what is necessary to be shown by the plaintiff to entitle him to the attachment; but these provisions are not by any means exclusive, and it is entirely within the province of the Legislature to affix other conditions to the right of persons in this State to invoke such remedy. The provision is, that "no foreign stock corporation doing business in this State without such certificate shall maintain any action;" and as a remedy by attachment is a step in an action, it is clear that it applies equally to the remedies to which, but for the prohibition of the statute, a party would be entitled.

Apart, therefore, from the question of whether or not the complaint would be bad on demurrer, if it failed to allege the procuring of a certificate, we have held in regard to attachments that all facts going to the jurisdiction of the court, or to the right of the plaintiff to maintain the action, must be affirmatively set forth in the motion papers, and a defect in this respect is fatal to the attachment; the more numerous and recent instances of such rule in this court relating to cases where attachments have been issued against foreign corporations when the plaintiff has failed to state the facts necessary to give the court jurisdiction of the cause of action. In *Oliver* v. *The Walter Heywood Mfg. Co.* (10 N. Y. Supp. 771) it is said: "The power of the court to reach by its process the property of a foreign corporation within the limits of this State, depends entirely upon statutory enactment, and does not proceed from any inherent or general jurisdiction which the court possesses. Therefore, where such right is created by statute, the conditions therein attached to its exercise must be fulfilled, and they must appear before the court obtains jurisdiction."

In the case at bar the plaintiff is a foreign corporation, and an attachment was issued for a cause of action which arose in this State, and, therefore, it was necessary, in order that the court should acquire jurisdiction, for it to appear that the plaintiff was a resident of the State. The papers are silent upon this point. Where the statute, as a preliminary to jurisdiction, requires facts to exist, they cannot be presumed. To the same effect is the case of *Smith* v. *Union Milk Co.* (70 Hun, 348).

These cases are authority for the proposition urged by the respond-

ents, that for the purpose of obtaining a warrant of attachment it is necessary that the papers of the attaching creditor should show all the facts which entitle him to maintain the action, and which give the court jurisdiction, and that if the papers fail to set forth the facts in either respect the attachment will be vacated. Applying this rule, it here appears that there is an express statute forbidding a foreign corporation to maintain an action without procuring a certificate from the Secretary of State. While, therefore, it presupposes a good cause of action, there is an express prohibition against enforcing it or having any remedy thereon until such certificate is procured. The certificate, therefore, being a condition precedent to the right to maintain the action, it was necessary to have it appear in the papers upon which the attachment was granted that the foreign corporation had complied with the condition, upon compliance with which alone its right to maintain the action would be justified.

We think, therefore, that the order is right and should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., concurred.

PARKER, J. (dissenting):

The prevailing opinion concedes that the omission by a foreign corporation to allege in its complaint that it has obtained from the Secretary of State the certificate required by section 15 of chapter 687, Laws of 1892, does not constitute a ground for demurrer, and, therefore, the papers on which plaintiff applied for the attachment stated a good cause of action.

Having complied with the provisions of section 636 of the Code of Civil Procedure in that respect, it was entitled to an attachment, unless the moving papers failed to meet the other requirements of that section, and it is not pretended that they did.

I advise a reversal of the order.

Order affirmed, with ten dollars costs and disbursements.