(13 Misc. Rep. 128.)

NICOLL v. CLARK et al.

(Common Pleas of New York City and County, General Term.  June 3, 1895.)

1. FOREIGN CORPORATIONS—ACTION BY—CERTIFICATE OF AUTHORITY.

Laws 1892, c. 687, § 15, requiring a foreign corporation to obtain a certificate of authority before it can sue on a contract made in New York, affects only the remedy, and therefore compliance therewith need not be alleged and proved by plaintiff, but is a matter of defense.

2. PLEADING—DENIALS IN ANSWER—DISTRICT COURT OF NEW YORK.

A denial of sufficient knowledge to form a belief as to an allegation contained in a complaint is not authorized in the district court of New York City.

3. FOREIGN CORPORATIONS—ACTION BY ASSIGNEE.

A foreign corporation which was preparing a book for publication, and was securing contracts for advertising space, transferred its rights to plaintiff, agreeing that he should have the right to publish the book, and to make all contracts in connection therewith, in the name of the corporation. Afterwards, plaintiff's agent, in the name of the corporation, but on behalf

of plaintiff, obtained a contract with defendant for advertising space. *Held,* that such contract was between plaintiff and defendant, and not between the corporation and defendant, and therefore it was immaterial, in an action thereon, whether plaintiff's assignor had obtained a certificate of authority to do business in New York.

**4. SAME—INCORPORATION—PAROL EVIDENCE.**
    The fact of incorporation cannot be proved by parol evidence.

**5. SAME—SUFFICIENCY OF OBJECTIONS.**
    Where a witness is asked whether a certain concern is a foreign corporation, an objection "that it is not the proper way to prove whether it is a corporation" is sufficient to raise the point that the fact of incorporation cannot be proven by parol.

Appeal from Ninth district court.

Action by Charles H. Nicoll against Wiliam E. Clark and others. The complaint was dismissed, and plaintiff appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

William C. Timm, for appellant.
Boothby & Warren, for respondents.

BOOKSTAVER, J. At the close of the plaintiff's case, the defendants moved to dismiss the complaint, and the motion was granted by the justice on the ground that plaintiff was suing as the assignee of a foreign corporation, and that he had failed to prove that his assignor, the corporation, had filed a certificate in compliance with section 15, c. 687, Laws 1892. We think that this provision of law does not affect the cause of action, but only the remedy; that it was not necessary to allege and prove compliance therewith, but that that was matter of defense, and the justice therefore erred in granting the motion. Lumber Co. v. Bussell (Sup.) 31 N. Y. Supp. 1107.

Even if it is incumbent upon a plaintiff that is a foreign corporation to allege and prove that it has filed such a certificate, we still think that this judgment cannot stand. The plaintiff was not suing as assignee of the contract with the defendants. The facts appear to have been as follows: A corporation, Power & Co., was preparing for publication a book entitled "An Illustrated Catalogue of the Best Productions of American Manufacturers," and was securing contracts and subscriptions for advertising space therein. On March 13, 1894, it assigned to the plaintiff all its right, title, and interest in and to the said book and all contracts for advertising space therein, and agreed with the plaintiff that he should have the right to conduct, publish, and issue the book in its name, and to make all contracts in connection with the publication in its name. On April 27, 1894, plaintiff's soliciting agent obtained the defendants' signature to a contract authorizing the plaintiff, under the name of Power & Co., to insert their advertisement in said book. These facts appear from the complaint, and, in so far as they were not admitted by the answer, were proved upon the trial. The defendants admitted by their answer the assignment by Power & Co. to the plaintiff, and the making of a contract with Power & Co. By the third paragraph they evidently intended to deny the

third paragraph of the complaint, but the copy of the answer returned with the record reads:

"(3) Defendants, in answering the second paragraph or count of plaintiff's complaint, allege that they have no knowledge or information sufficient to form a belief as to the facts therein alleged."

Assuming that the word "second" was a clerical error, and that it was intended to be "third," still there is no proper denial; an allegation to that effect not being authorized in pleading in the district courts.    Steinam v. Bell, 7 Misc. Rep. 318, 27 N. Y. Supp. 905. The third paragraph of the complaint alleges the assignment to plaintiff by Power & Co., and was admitted by the answer, as we have shown that there was no proper denial thereof.    It therefore appears that plaintiff was suing upon a contract between himself and defendant; that Power & Co. had no rights under that contract; and that plaintiff did not obtain his rights under the contract through Power & Co.    It was therefore unnecessary, as between the parties, to allege and prove that Power & Co. had filed a certificate as hereinbefore set forth, and the justice erred in granting the motion to dismiss upon that ground.    Furthermore, the court erred in allowing the question asked plaintiff on cross-examination as to whether Power & Co. was a foreign corporation.    Even if the question were material, the fact of incorporation cannot be proved by parol testimony; and plaintiff's objection "that it is not the proper way to prove whether they are a New Jersey corporation" was sufficiently comprehensive to raise this point.    Maddock v. Root, 72 Hun, 104, 25 N. Y. Supp. 396.

For these reasons, the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.    All concur.