ROGER B. WILLIAMS, Respondent, *v.* HOMER W. RIGHTMYER, Defendant.

EUGENE TERRY, as Assignee for the Benefit of Creditors of HOMER W. RIGHTMYER, Appellant.

*Attachment — sufficiency of the affidavit — alternative or disjunctive statements.*

Where an affidavit states sufficient grounds for the granting of a warrant of attachment, it is not vitiated by the fact that a statement, insufficient to support an attachment, is conjunctively attached.

An allegation contained in such an affidavit to the effect that the defendant is a natural person and a resident of the State of New York, and keeps himself concealed therein with intent to defraud his creditors and to avoid the service of a summons, is a statement sufficient to justify an attachment.

An allegation that the defendant has assigned, disposed of or secreted, or is about to assign, dispose of or secrete, his property with intent to defraud his creditors, being in the disjunctive, is insufficient to support an attachment.

APPEAL by Eugene Terry, as assignee for the benefit of creditors of Homer W. Rightmyer, from an order of the Supreme Court, made at the Broome Special Term and entered in the office of the clerk of the county of Tompkins on the 6th day of February, 1895, denying his motion to vacate an attachment issued against the property of the defendant, Homer W. Rightmyer.

*William Hazlitt Smith*, for the appellant.

*Newman & Blood*, for the respondent.

MERWIN, J.:

On the 21st of November, 1894, on the application of the plaintiff, an attachment was issued by the county judge of Tompkins county against the property of the defendant. On the 23d of November, 1894, the defendant executed a general assignment to the appellant Terry. This is dated November 19, 1894. Thereafter, upon notice dated December 29, 1894, the assignee moved at Special Term upon affidavits to vacate the attachment. In opposition to the motion additional affidavits were presented on the part of the plaintiff and the assignee was allowed to put in replying affidavits.

Upon this appeal it is claimed, (1) that the grounds upon which the attachment was issued are not stated therein as required by the Code of Civil Procedure (§ 641), in that they are stated in the disjunctive; and (2) that upon the facts the attachment should be vacated.

In the warrant of attachment it is stated " that the defendant is a natural person and a resident of the State, and keeps himself concealed therein within intent to defraud his creditors and to avoid the service of a summons, and that the defendant has assigned, disposed or secreted, or is about to assign, dispose of or secrete, his property with intent to defraud his creditors."

The statement that " the defendant has assigned, disposed or secreted, or is about to assign, dispose of or secrete, his property with intent to defraud his creditors," is not a proper statement of any ground within the case of *Cronin* v. *Crooks* (143 N. Y. 352). The statement, however, that the defendant is a resident of the State and " keeps himself concealed therein with intent to defraud his creditors and to avoid the service of a summons," is a proper statement of a sufficient ground within the rule laid down in *Garson* v. *Brumberg* (75 Hun, 336). This is not vitiated by the fact that an insufficient statement is conjunctively attached.

Upon the facts the question was whether, at the time the attachment was issued, the defendant kept himself concealed within the State with intent to avoid the service of a summons. (Code, § 636.)

That this was satisfactorily shown was the conclusion reached by the Special Term after each party had full opportunity to present his case. This conclusion should not, we think, be disturbed.

HARDIN, P. J., and MARTIN, J., concurred.

Order affirmed, with ten dollars costs and disbursements.