## STURZ v. FISCHER.

(Supreme Court, Special Term, New York County. January, 1896.)

1. DISSOLUTION OF ATTACHMENT—PRACTICE—LITIGATED MOTIONS.

   A motion to dissolve an attachment founded on the papers on which it was granted, which Code Civ. Proc. § 683, provides may be heard with or without ·notice, is not a "litigated motion," which rule 1, appellate division rules, requires to be heard in part 1 of the court, but is within rule 5, providing that "application for all court orders ex parte, ✷ ✷ ✷ or where notice is not required, must be made to the special term for the transaction of ex parte business" (part 2).

2. ATTACHMENT—GROUNDS FOR—STATEMENT IN AFFIDAVIT.

   An affidavit for attachment reciting that defendant "has assigned, disposed of, or secreted his property," is not an alternative statement of the grounds. Cronin v. Crooks, 28 N. E. 268, 143 N. Y. 352, distinguished.

Action by Frederick Sturz against Frederick T. Fischer. Defendant moves to vacate an attachment. Denied.

Leopold Leo, for the motion.

Hastings & Gleason, opposed.

PRYOR, J. The application being, on notice, to vacate a warrant of attachment on the papers upon which it issued, the preliminary question is presented whether the motion can be entertained by the justice presiding in part 2 of the special term. By rule 1, appellate division rules, "litigated motions" must be heard in part 1. By rule 5, "application for all court orders ex parte, ✷ ✷ ✷ or where notice is not required, must be made to the special term for the transaction of ex parte business." An application to vacate an attachment, when founded only on the papers upon which the warrant was granted, if the warrant was granted by a judge, out of court, must be made to the same judge, in court or out of court, and with or without notice, as he deems proper. Code, § 683. "Litigated motions," as intended in rule 1, I take to be motions which can be heard only on notice. As this application may be heard "with or without notice," manifestly notice "is not required"; and so, by rule 5, it may be heard at the special term for the transaction of ex parte business. By section 641 of the Code, "the warrant must recite the ground of the attachment," else it is void. Cronin v. Crooks, 143 N. Y. 352, 38 N. E. 268. In the case before me, the recital of the ground of attachment is that the defendant "has assigned, disposed of, or secreted his property," etc. In Cronin v. Crooks, supra, the court held that a statement of two grounds disjunctively and in the alternative is a statement of neither ground, since, obviously, to affirm one or the other proposition is to affirm neither. A statement that an attachment proceeds upon one or the other of two distinct grounds fails to indicate upon which ground it proceeds. It stands not upon the one, but upon the one or the other, and the averment leaves in question whether upon the one ground or upon the other. Hence, if defendant's position be valid, that the warrant in controversy exhibits alternatively two distinct grounds of attachment, there would be no escape from the conclusion for which he contends.

But, as well upon reason as authority, the proposition that the ·· defendant "has assigned, disposed of, or secreted" his property, involves a single ground of attachment only. It is by putting his property beyond the reach of creditors, no matter by which means, whether by disposing of, assigning, or secreting it, that the debtor subjects it to attachment. The baffling of creditors is the controlling fact, and it exists whether by one expedient or another of those mentioned in the clause. The three agencies of fraud in the group, namely, assigning, disposing of, and secreting, are legally identical and equivalent. Van Alstyne v. Ervine, 11 N. Y. 331, 339. "Secreting does not mean hiding alone, but any making away with property which shall put it unlawfully out of the reach of the creditor." 21 Am. & Eng. Enc. Law, p. 994. One may secrete property by putting legal impediments in the way of creditors. Gault v. Dupault, 4 Can. Leg. News, 321. Where the disjunctive "or" is used, not to connect two distinct facts of different natures, but to· characterize and include two or more phases of the same fact attended with the same result, but a single ground of attachment is: stated. Drake, Attachm. § 102. In Garson v. Brumberg, 75 Hun, 336, 26 N. Y. Supp. 1003, it was held that a warrant is not invalidated by the recital of these grounds of attachment, namely, that "the said defendant did .depart from the state with intent to defraud his creditors, or to avoid the service of a summons,· or keeps· himself concealed therein with the like intent." In Smith, Perkins· & Co. v. Wilson, 76 Hun, 565, 28 N. Y. Supp. 212, the precise point in controversy was adjudicated; the court holding that the statement in a warrant of attachment that "the defendants have assigned, disposed of, or secreted their property," is a recital of one class only of the grounds set forth in section 636 of the Code, and is· sufficient. The defendant contends, however, that the authority of this ruling is discredited by the decision of the court of appeals in, Cronin v. Crooks, supra. But the cases are not indentical. In the· latter the recital in the warrant was that the defendant "has assigned or disposed of, or is about to assign or dispose of, her prop· erty." Were the recital in the warrant under review the same, then, of course, Cronin v. Crooks would control the decision. Contrary to first impression, my conclusion is that the warrant is valid..
Motion denied.