(17 Misc. Rep. 315)      MINCK v. LEVEY.

(City Court of New York, General Term. June 30, 1896.)

1. ATTACHMENT—SUFFICIENCY OF MOVING PAPERS.

The moving papers are sufficient to make out a prima facie cause for attachment for disposing of property with intent to defraud, where they state that, four days before the attachment issued, defendant disposed of two stores owned by her, assigning as a reason that she needed money; that she sold one of the stores to her son in payment for work alleged to have been done by him for her; that defendant said that she was pushed for money, and had to do something to protect herself; and that, when asked how she could do so if she intended to act honestly, she replied that she had "done it, and that that was all there was about it."

2. SAME—AVERMENTS ON INFORMATION AND BELIEF.

An affidavit for an attachment by the assignee of a claim for goods sold, which states the cause of action on information and belief, founded on statements made by defendant and by the general manager of plaintiff's assignor, is a sufficient statement of the sources of plaintiff's information, and the grounds of his belief.

Appeal from special term.

Action by Franklin J. Minck against Melanie Levey. From an order denying a motion to vacate an attachment, defendant appeals. Affirmed.

Argued before VAN WYCK, C. J., and CONLAN and O'DWYER, JJ.

Benjamin Tuska, for appellant.
Richard Marvin, for respondent.

VAN WYCK, C. J. The defendant moved to vacate the attachment, because of the insufficiency of the complaint and affidavit upon which it was granted, and appeals from an order denying her motion. Her contention is—First, that there is no proof that defendant has disposed of her property with intent to cheat and defraud creditors; second, that no proof is made that the plaintiff's claims are due; third, that five of the six causes of action are set forth upon information and belief. The averments as to the disposition of the property with intent to cheat and defraud are: That defendant, four days before the attachment issued, was the owner of two butcher stores, one on Ninth avenue, and the other on Eighth avenue, this city. That she had disposed of both. That she said she had disposed of the Eighth avenue store because she needed some money, and had sold the Ninth avenue store to her son David; that she was pushed for money, and could go on no further, and had to do something to protect herself, and had so made a bill of sale to her son. That the plaintiff asked her for the money due him, and that she said she could not pay him or any other of her creditors anything. That he asked her what had become of the money she had received from her son for the store she sold him. That she said she got nothing for it; that she had given him the store for working for her; that he always had lived, and still lives, with her. That plaintiff asked her how it was she could buy goods the day before Christmas on credit, if she intended to act honestly, and then sell

out the next day to her son. That she replied that she had done it, and that that was all there was about it. That she said she had no book accounts or claims, as the goods sold by her had not been sold on credit. That plaintiff said to her that she owed a large sum for goods bought by her on credit, and as no one of her creditors had got anything, what had become of the money for these goods? That she replied that she could not tell, and that all she knew was that she had nothing to pay any one with. That she had, within 10 days of selling out both her stores, bought large quantities of merchandise on credit, when she was insolvent. And that she said she knew she was insolvent, and never could pay for the same. These averments, uncontradicted and unexplained by her, are sufficient to make out a prima facie cause of attachment for disposing of property with intent to defraud.

The plaintiff's affidavit and complaint set forth six causes of action for goods sold and delivered to defendant,—one on knowledge, and five upon information and belief; the latter having been assigned to the plaintiff by the five original vendors. The complaint is referred to in the affidavit, and made a part of the application for the attachment. The plaintiff avers that the sources of his information and the grounds of his belief as to the statements as to these causes of action, stated upon information and belief, are the statements made to him "by the defendant and by Thomas A. Adams, general manager and agent of the companies [plaintiff's five assignors] hereinbefore mentioned." This is equivalent to an averment that every fact set forth upon information and belief was communicated to him by both the defendant and the agent Adams, and is sufficient statement of the sources of his information and the grounds of his belief.

The allegations of the five assigned causes are that each assignor had, on a day certain, sold and delivered to defendant goods of a specified value, which defendant promised to pay, and had been demanded, and no part had been paid. There is no allegation that the purchase price was to be paid on a day fixed, but the law makes such price payable upon the delivery of the goods where no time of payment is fixed by the contract; and, moreover, there is an averment that the plaintiff is entitled to recover from the defendant $911.85, with interest from December 23, 1895, upon the six causes, over and above all counterclaims known to the plaintiff.

Order affirmed, with costs. All concur.

