HERZBERG v. BOIESEN.

(City Court of New York, Special Term. September, 1897.)

1. ATTACHMENT—GROUNDS—WARRANT—ALTERNATIVE ALLEGATIONS.
   A recital in a warrant of attachment that the defendant has assigned, disposed of, or secreted his property is not objectionable as stating grounds of attachment alternatively.

2. SAME—AMENDMENT OF WARRANT.
   Under Code Civ. Proc. § 723, providing that the court may, in furtherance of justice, amend any process, pleading, etc., a warrant of attachment reciting two of the statutory grounds of attachment in the alternative may be amended by substituting the word "and" for "or."

3. SAME—AFFIDAVIT—JUSTNESS OF CLAIM.
   Under the statute requiring an affidavit for attachment to show that plaintiff is entitled to the amount claimed, over and above all counterclaims known to him, it is sufficient where it shows that a plaintiff, who is assignee of the original creditor's cause of action, was the agent who received the order and sold the goods for which defendant is indebted, and who conducted all transactions concerning same, and that defendant acknowledged owing the sum claimed.

4. SAME—FOREIGN CORPORATIONS—COMPLIANCE WITH LAW.
   Under Laws 1892, c. 687, § 15, providing that no foreign corporation shall maintain any action in New York on any contract made therein until it shall have procured a certificate to do business there, an affidavit for attachment, showing that plaintiff is assignee of a foreign corporation's cause of action, must also show that his assignor has complied with said statute.

Action by one Herzberg against one Boiesen. Heard on motion to vacate a warrant of attachment. Motion granted.

Solon Berrick, for the motion.
Paul Hellinger, opposed.

McCARTHY, J.     Motion to vacate warrant of attachment on original papers:   (1) That the plaintiff has applied for an attachment upon two grounds, and alleging, in the alternative, that the defendant has assigned, disposed of, or secreted his property, and not relying upon any positive grounds;  (2) upon the ground that there is no positive and legal evidence showing that there are no counterclaims existing in favor of plaintiff's alleged assignor;  and (3) that the plaintiff, suing as alleged assignee of a foreign corporation, was bound to bring himself within the provisions of the law of this state authorizing foreign corporations to maintain an action in the state of New York for goods sold in the city and county of New York.

As to the first ground, the recital in the warrant of attachment contains but one class, only, of the grounds required by the Code of Civil Procedure, and is sufficient.   Smith v. Wilson, 76 Hun, 565, 28 N. Y. Supp. 212; Sturtz v. Fisher, 15 Misc. Rep. 410, 36 N. Y. Supp. 893; Van Alstyne v. Erwine, 11 N. Y. 331.    The cases of Cronin v. Crooks, 143 N. Y. 352, 38 N. E. 268,  Hale v. Prote, 75 Hun, 13, 26 N. Y. Supp. 950, and kindred, are good law, but do not meet this case.   And where a warrant of attachment is defective, a court has the power, under section 723, Code Civ. Proc., to amend the same by substituting the word "and" for the word "or";  for a warrant of attachment is not an original process by which an action is commenced, but is a mere proceeding in the action.    Its office is not to give the court jurisdiction, but to obtain possession of and hold the debtor's property until the recovery of judgment, thereby preventing him from fraudulently disposing of it. Stone v. Pratt, 90 Hun, 39–41, 35 N. Y. Supp. 519.   But, as I have said, this warrant is not defective in that particular.

As to the second objection, I am of the opinion, after a most careful and thorough examination, that the facts set forth are sufficient. This plaintiff is the assignee of a foreign corporation organized and existing under the laws of the state of Ohio, and, among other facts, he alleges that between the 16th day of March, 1897, and the 21st of June, 1897, the said assignor sold and delivered to the defendant, at the city of New York, goods, wares, and merchandise amounting to the sum of $674.55, and during said period this plaintiff and defendant resided in the city and state of New York; that "the said claim and cause of action herein were, in writing, and for good value, assigned to me [the plaintiff], and I am now the owner and holder of said claim against the defendant herein";  that "my source of information and knowledge as to the sale and delivery of the said goods, wares, and merchandise, and as to all the facts herein contained, is that I personally received the order and sold the goods to the defendant above named, and that I have been, and am now, the general agent for the Defiance Bicycle Company in the city of New York," and that all the dealings and transactions concerning this claim were personally had with the plaintiff, who is the assignee; that the defendant repeatedly acknowledged to him the receipt of the merchandise aforementioned, and repeatedly promised to pay plaintiff for the same. This is sufficient, and clearly comes under the rule laid down by Van Brunt, J., in Crowns v. Vail, 51 Hun, 204, 4 N. Y. Supp. 324.    See, also, Minck v. Levey, 17 Misc. Rep. 315, 40 N. Y. Supp. 348; Han-

son v. Marcus, 8 App. Div. 318, 40 N. Y. Supp. 951. The cases cited by the defendant, and which I have examined carefully, do not alter this rule.

But the serious objection raised, and which I think is fatal, is that the plaintiff has failed to comply with section 15, c. 687, Laws 1892, which provides as follows:

"No foreign stock corporation, other than a moneyed corporation, shall do business in this state, without having first procured from the secretary of state a certificate that it has complied with all the requirements of law to authorize it to do business in this state and that the business of the corporation to be carried on in this state is such as may be lawfully carried on by a corporation incorporated under the laws of this state for such or similar business, or if more than one kind of business by two or more corporations so incorporated for such kind of business respectively. The secretary of state shall deliver such certificate to every such corporation so complying with the requirements of the law. No such corporation now doing business in this state shall do business herein after December 31, 1892, without having procured such certificate from the secretary of state, but any lawful contract previously made by the corporation may be performed and enforced within the state subsequent to such date. No foreign stock corporation doing business in this state without such certificate shall maintain any action in this state upon any contract made by it in this state until it shall have procured such certificate."

The plaintiff sues as an assignee of a foreign corporation which was doing business in this state, and the transaction out of which this action arose took place in this state. Now, it must be conceded that this provision of the statute does not affect the cause of action. But it is equally clear, however, that it does affect a provisional remedy; for, in an ordinary action, such objection cannot be taken by demurrer to the complaint. It must be taken by answer, and is purely a matter of defense. Nicoll v. Clark, 13 Misc. Rep. 128, 34 N. Y. Supp. 159; Lumber Co. v. Bussell, 84 Hun, 115, 31 N. Y. Supp. 1107. It is not a question of pleading, but solely one of jurisdiction. It is aimed against the use and enforcement of a provisional remedy by a corporation unless it has procured the certificate required by the statute, and in such case the papers must show jurisdiction of the court, and must allege all those facts which are necessary to confer the same; for where the statute, as a preliminary to jurisdiction, requires certain facts to exist, they cannot be presumed (Oliver v. Manufacturing Co. [Sup.] 10 N. Y. Supp. 771), and, as the plaintiff has failed to do so in this case, this attachment is certainly defective. The plaintiff took no more nor greater rights than his assignor, and if his assignor, a foreign corporation, failed to file the certificate required by the statute, and thereby could not either enforce a provisional remedy, or maintain an action, the plaintiff, who has no greater right than his assignor, cannot resort to either. In the words of Lawrence, J., in Mueller v. Rope Co., 53 N. Y. Supp. 255:

"As the fountain cannot rise higher than its source, it would appear that this statute cannot be avoided or evaded."

Or in the words of O'Brien, J., in Lumber Co. v. Bussell, supra:

"While, therefore, it presupposes a good cause of action, there is an express prohibition against enforcing it, or having any remedy thereon, until such

certificate is procured. The certificate, therefore, being a condition precedent to the right to maintain the action, it was necessary to have it appear in the papers upon which the attachment was granted that the foreign corporation had complied with the condition, upon compliance with which alone its right to maintain the action would be justified."

I am therefore convinced that this attachment, on the last ground, must be vacated. Motion is therefore granted, with costs.