# LIEBMAN v. FROMM.

---

APPEAL; BOND; NOTICE OF NAMING PROPOSED SURETY; NAMING TWO
                PERSONS IN THE ALTERNATIVE.

A notice of appeal from the judgment of the municipal court, stating that one of two persons whose names and addresses are given will be offered as surety, sufficiently complies with the provision of rule 15, sec. 2, of the rules of practice of that court requiring such notice to contain "the name and address of the proposed surety." (Citing *Fowler* v. *Quigley*, 38 App. D. C. 214; *United States ex rel. McKinley* v. *Bundy*, 41 App. D. C. 7.)

No. 3086.    Submitted March 5, 1918.    Decided April 1, 1918.

HEARING on an appeal by the plaintiff from an order of the Supreme Court of the District of Columbia, dismissing an appeal from the Municipal Court of the District of Columbia.

*Reversed.*

The facts are stated in the opinion.

*Mr. Jos. L. Tepper, Mr. Samuel V. Gusack,* and *Mr. Alvin L. Newmyer* for the appellants.

*Mr. H. W. Wheatley* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This appeal is from an order of the Supreme Court of the District of Columbia granting a motion to dismiss an appeal from the municipal court. The sufficiency of appellants' notice of appeal from the judgment of the municipal court is assailed upon the ground that it specified that one of two sureties named in the notice would be offered.

Rule 15, sec. 2, of the rules of practice for the municipal court, provides that "in all cases after suit filed, where a bond, undertaking, or security is required by law or these rules to be approved by the court, such approval shall not be made except upon two clear days' notice of application for said approval in writing to the opposite party in interest, or his attorney, or waiver thereof in writing by said party, or attorney, and without such notice or waiver such approval shall not be operative. Such notice shall contain the name and address of the proposed surety, or, in case of a corporation surety, then the name and address of the resident agent of such corporation."

In the notice of appeal appellant stated that he would "offer Albert Sigmund residing at 2802 twenty-seventh street, northwest, or Aaron Goldstein, residing at 1030 North Capitol street, northwest, as surety on the undertaking to be entered into herein."

The rule is consistent with the statute; and the notice is required in the interest of the appellee, in order that he may pre-

sent objections, if he have any, either to the surety offered or to the form of the undertaking to meet the requirements of the statute. *Fowler* v. *Quigley,* 38 App. D. C. 214; *United States ex rel. McKinley* v. *Bundy,* 41 App. D. C. 7.

The sole objection here is that in the notice the names and addresses of two persons were given, one of whom was offered and accepted as surety. It was held by the court below that the offer of one or the other of two persons as surety was equivalent to the failure to designate either. On this point the court said: "A statement of the names of several persons in the alternative, any one of whom may be offered at the time of the approval of the bond, is certainly, therefore, the statement of the name of no person in compliance with the requirements of the rule that the notice shall contain 'the name and address of the proposed surety.'"

In support of this ruling the court cited the case of *Cronin* v. *Crooks,* 143 N. Y. 352, 38 N. E. 268, where a statute relating to attachment required that the warrant shall "briefly recite the ground of the attachment." The warrant granted upon the affidavit stated that defendant "has assigned and disposed of, or is about to assign or dispose of, her property." Holding that the warrant failed to comply with the statute, the court said: "This warrant stated no ground; for to state in the alternative is to state neither the one nor the other fact. Such an alternative statement of grounds results in a mutual exclusion." This is but the statement of an elementary rule of attachment that the averment of two or more grounds in the disjunctive fails to designate any ground; for "in that case the affiant swears neither to one ground nor to the other, and it is impossible to determine which ground is relied on to sustain the attachment." 2 R. C. L. p. 833.

But the rule is without analogy here. The court is not called upon to select one of two inconsistent grounds upon which a statutory proceeding may be sustained, but to accept or refuse whichever one of the two sureties named in the notice the appellant may produce. The time for perfecting an appeal under the rule is limited, and an appellant might be prevented, through unavoidable circumstances, from producing the surety desig-

nated. Hence, there is reason for the court countenancing the designation in the notice of two sureties in the alternative. Certainly, no hardship is imposed upon the appellee; nor is it inconsistent with the requirements of the rule. The objection that, if an appellant may designate two he may designate a hundred, is without merit; since it is always within the discretion of the court to distinguish between what is reasonable and that which is unreasonable and absurd.

The judgment is reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion. *Reversed and remanded.*