THE LOMIN CORPORATION, Plaintiff, *v.* JOHN V. KOHLHEPP, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, May 14, 1934.

*Weisman, Quinn, Allan & Spett* [*Murray C. Spett* and *Stanley R. Levy* of counsel], for the plaintiff.

*Towsley & Bangs* [*Frank H. Towsley* of counsel], for the defendant.

GARSIDE, J. The defendant in this case moves to vacate a warrant of seizure issued by this court on the ground that the affidavits upon which same was obtained did not set forth sufficient facts to justify the court in dispensing with the five days' notice required by the provisions of section 72 of the Municipal Court Code. The moving papers set forth other grounds, but these were withdrawn by stipulation of counsel.

Section 72 provides that "where it appears by affidavit that * * * chattels have been or are about to be removed, *secreted* or transferred, without the consent of the vendor, lessor or mortgagee, * * *, service of notice may be dispensed with." (Italics ours.) The only question before the court, therefore, is whether or no the requirements of this section were met. And this resolves itself into a question of whether or not it appeared by affidavit that the chattels had been or were about to be removed, secreted or transferred without the consent of the vendor. The answer to this in turn depends upon the judicial construction of the word "secreted" as it appears in said section 72 of the Municipal Court Code.

Notwithstanding the common use of the word "secrete," there appear to be few cases in this or other jurisdictions construing the word in statutory enactments. It, therefore, becomes necessary to consider in a measure the legislative intent and likewise the lay as well as the legal definitions of the word "secrete" in so far as they are available.

The purpose of the statute is reasonably clear. It is to enable a party to invoke the power of the State to gain possession of a chattel the possession of which is wrongfully withheld from him. In the instant case the relationship of the parties was that of mortgagor and mortgagee. The plaintiff had advanced $2,000 to the defendant and taken a chattel mortgage on defendant's dental equipment as security. The mortgagor (defendant) had agreed in writing that if he defaulted in making the payments provided for, then, in that event, "it shall and may be lawful for, and the said mortgagor does hereby authorize and empower the said mortgagee, its successors, legal representatives or assigns, with the aid and assistance of any person or persons, to enter his dwelling house, store and other premises, and such place or places as the said goods or chattels are or may be placed, and take and carry away the said goods or chattels."

The defendant defaulted in his payments and the plaintiff attempted to regain possession of the property pursuant to the provisions of the mortgage above recited. When these attempts were made plaintiff was confronted by a locked door and was unable to gain access to the chattels in question. Several attempts having failed for the same reason, the plaintiff then invoked the aid of a court of law to assist it in taking possession of the chattels and applied for a warrant of seizure.

The affidavits in support of the application set forth the contention that defendant was secreting and hiding the chattels without the consent of the plaintiff, and, furthermore, set forth facts that

constituted in the opinion of the plaintiff such a secreting and hiding, the principal fact being that the defendant had refused admittance to his office where the chattels were supposed to be located and kept the door locked.

All of which raises the question: Does the locking of a door and refusing access to or inspection of chattels in such circumstances constitute a secreting thereof within the meaning of the statute?

Apparently the Court of Appeals of this State has held that statutes of this sort should be construed with reasonable liberality. In the case of *Van Alstyne* v. *Erwine* (11 N. Y. 331) the debtor objected to a warrant of attachment on the ground that the affidavit used in procuring the same had been insufficient. The court, in upholding the attachment, stated (at pp. 340 and 341): " The criticisms which the defendant's counsel asks us to indulge in would, if generally applied to such proceedings, render them extremely hazardous, not only to the parties setting them on foot, but to the officers concerned in their execution; for when we determine that a sufficient case was not made for the exercise of the judgment of the officer, we must consider the judge and all the parties trespassers in whatever they do. A liberal indulgence must be extended to these proceedings, even upon questions of jurisdiction, if we would not render them a snare rather than a beneficial remedy."

The results contemplated in the above opinion would follow in the instant case if the warrant herein were vacated. The plaintiff would be liable on its bond regardless of how the foreclosure action is terminated. On the other hand, if the warrant is upheld the defendant cannot possibly be prejudiced, because he is covered by the undertaking as required by statute.

Notwithstanding the above authority for liberal construction and the above reasons for its application here, we are still confronted with the question of whether or no the affidavits were sufficient. This court is of the opinion that they were. In the case of *Sturz* v. *Fischer* (15 Misc. 410) the court said: " One may secrete property by putting legal impediments in the way of creditors." (Citing *Gault* v. *Dupault*, 4 Can. Leg. News, 321.)

Turning to the lexicographers, we find the following definitions of the word " secrete."

Webster's Dictionary (1930 edition), defines the word as follows: " To keep secret or hidden; to keep from general knowledge; especially to deposit in a place of hiding; to hide; conceal; as to secrete stolen goods; to secrete one's self."

The Century Dictionary defines the word " secrete " as follows: " to make or keep secret; hide; conceal; remove from observation or the knowledge of others."

Black's Law Dictionary ([3d ed.], p. 384) states that the word means " to hide; secrete; withhold from the knowledge of others."

The word " conceal " is defined in Black's Law Dictionary as follows: " The word ' conceal,' according to the best lexicographers, signifies to withhold or keep secret mental facts from another's knowledge, as well as to hide or secrete physical objects from sight or observation." (Citing *Gerry* v. *Dunham*, 57 Me. 339.)

Other cases cited by Black are *Darneal* v. *State* (14 Okla. Cr. 540; 174 P. 290, 292; 1 A. L. R. 638) ; *Firpo* v. *United States* ([C. C. A.] 261 Fed. 850), and *United States* v. *Bookbinder* ([D. C.] 281 id. 207). As authority for the proposition that to conceal property is to put it out of the reach of creditors, either by corporally hiding it, or putting the title in another's name, or otherwise hindering creditors from levying on it or attaching it, Black cites *Pearre* v. *Hawkins* (62 Tex. 434, 437); *Guile* v. *McNanny* (14 Minn. 520, 522), and *Sturz* v. *Fischer* (*supra*).

In view of the above definitions and cases cited, the court holds that in locking the door and refusing admittance to plaintiff defendant secreted the property in question within the meaning of the statute. The contention of defendant that " the officers of plaintiff corporation knew at all times where the property was located " is untenable. How could such knowledge be in possession of plaintiff when at all times plaintiff was confronted with a locked door? Plaintiff cannot logically be charged with knowledge of that which was withheld from its knowledge. Anything could have taken place behind that locked door. The property could very well have been destroyed or removed and plaintiff be unaware of it. Plaintiff can logically be charged with no knowledge except that of a locked door. The act of the defendant was just as effective as far as preventing plaintiff from obtaining possession of the chattels as though defendant had removed or transferred the chattels.

In *Pearre & Co.* v. *Hawkins* (*supra*), the court, after citing other Texas decisions and quoting Webster's Dictionary, said: " We have no doubt that this is the sense in which the word is used in the statute. The word seems to carry with it the further idea that the thing secreted, although not open to the view of others, is still possessed or owned by the person by whom secreted. It certainly does not convey the idea that the title or right to the thing possessed or owned is in any respect affected by the fact that it has been hidden from the view or knowledge of other persons." In a case of secretion, " the property in fact, as well as in form, is still owned and possessed by the debtor, and is only *withheld* from the process sued out by the creditor by the fact that it is hidden or *concealed from the view* or knowledge of the creditor, the officer and all other

persons than the debtor, or those who are in his confidence. It is the hiding of the thing." (Italics ours.)

Bradner in his treatise on Attachments (at p. 70) states: "A defendant may as effectually conceal himself by shutting himself up in his own house as though he had hid in some other place."

The defendant, by his own agreement in writing, was under a positive duty to admit plaintiff and to turn over the chattels peacefully. This he refused to do. He breached his duty and deliberately locked the door. His purpose was to prevent plaintiff from enforcing his rights under the chattel mortgage.

It is imperative that from considerations of orderly social procedure the statutory requirements in cases of attachment be carefully followed. The court is of the opinion, however, that in the instant case the papers were adequate. Substantial justice, as well as sound legal construction, require that the warrant in this case be upheld. Motion to vacate is, therefore, denied, with five dollars costs.